IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

NO. 13-20717

BUDDY TRAHAN,
*Plaintiff-Appellant*,

v.

LIBERTY MUTUAL INSURANCE CO.,
*Defendant-Appellee*.

On Appeal from the United States District Court for
the Southern District of Texas, Houston Division,
Case No. 4:13-cv-02927
The Honorable Lynn N. Hughes, Presiding

## BRIEF OF APPELLANT, BUDDY TRAHAN

Lance H. Lubel
Adam Q. Voyles
LUBEL VOYLES LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
P: (713) 284-5200
F: (713) 284-5250
lance@lubelvoyles.com

ATTORNEYS FOR APPELLANT,
BUDDY TRAHAN

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

NO. 13-20717

---

BUDDY TRAHAN,
*Plaintiff-Appellant*,

v.

LIBERTY MUTUAL INSURANCE CO.,
*Defendant-Appellee*.

---

On Appeal from the United States District Court for
the Southern District of Texas, Houston Division,
Case No. 4:13-cv-02927
The Honorable Lynn N. Hughes, Presiding

---

## CERTIFICATE OF INTERESTED PERSONS

---

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

| *Plaintiff/Appellant*: | *Trial and Appellate Counsel*: |
|---|---|
| Buddy Trahan ("Trahan") (An individual) | Lance H. Lubel<br>McKenna Harper<br>LUBEL VOYLES LLP<br>5020 Montrose Blvd., Suite 800<br>Houston, Texas 77006<br>P: (713) 284-5200<br>F: (712) 284-5250 |

*Defendant/Appellee*:

Liberty Mutual Insurance Co.
(A member of the Liberty Mutual
 Group of Insurance Companies)

*Trial Counsel*:

David L. Plaut
Catherine L. Hanna
Anne-Marie Abarado
HANNA & PLAUT LLP
211 E. Seventh Street, Suite 600
Austin, Texas 78701
P: (512) 472-7700
F: (512) 472-0205

*/s/ Lance H. Lubel*
Lance H. Lubel,
Attorney of Record for Plaintiff/
Appellant, Buddy Trahan

## STATEMENT REGARDING ORAL ARGUMENT

The district court's error in this case is fundamental and clear. Oral Argument is not necessary to demonstrate that error, and would not materially enhance the Court's understanding of the case. Accordingly, the appellant does not request oral argument in this matter.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................i

STATEMENT REGARDING ORAL ARGUMENT ........................................... iii

TABLE OF CONTENTS........................................................................... iv

TABLE OF AUTHORITIES .................................................................... vi

STATEMENT OF JURISDICTION ........................................................1

STATEMENT OF THE ISSUES ............................................................1

STATEMENT OF THE CASE.................................................................1

SUMMARY OF THE ARGUMENT .......................................................6

STATEMENT OF THE STANDARD OF REVIEW ................................7

ARGUMENT ........................................................................................7

I.     TRAHAN'S STATE COURT DECLARATORY JUDGMENT
ACTION IS COVERED BY, AND NON-REMOVABLE UNDER,
28 U.S.C. § 1445(c). .......................................................................7

      A.     By Analogy to, and Contextual Application of, the
"Arising Under" Standard for Federal Question Jurisdiction
Under § 1331, Trahan's Declaratory Judgment Claim
Arises Under the TWCA. ...................................................10

      B.     Under a Broad Interpretation of § 1445(c)'s Arising
Under Standard, Trahan's Declaratory judgment Claim
Arises Under the TWCA. ...................................................12

II.    THE APPICABLE STANDARDS FOR REMAND, WHICH
THE DISTRICT COURT DID NOT ADDRESS, MANDATE
REMAND OF THIS ACTION AS A MATTER OF
JURISDICTIONAL POLICY. ........................................................15

III.   THE ACTION SHOULD BE REMANDED TO STATE
       COURT IN TOTO. ........................................................................................18

CONCLUSION ......................................................................................................21

CERTIFICATE OF SERVICE ..............................................................................23

CERTIFICATE OF COMPLIANCE......................................................................24

# TABLE OF AUTHORITIES

## Cases

Aranda v. Insurance Co. of N. Am.,
    748 S.W. 2d 210 (Tex. 1988) .......................................................................9

B., Inc. v. Miller Brewing Co.,
    663 F. 2d 545 (5th Cir. 1981) .....................................................................16

Barker v. Hercules Offshore, Inc.,
    713 F. 3d 208 (5th Cir. 2013) ..................................................................7, 16

Carey v. Bank of America, N.A.,
    904 F.Supp.2d 617 (N.D. Tex. 2012) ................................................ 19, 20, 21

Carpenter v. Wichita Falls Indep. Sch. Dist.,
    44 F. 3d 362 (5th Cir. 1995) .......................................................................16

Ernewayn v. Home Depot U.S.A., Inc.,
    727 F. 3d 369 (5th Cir. 2013) ........................................................ 16, 17, 18

Escobedo v. Time Warner Entertainment Advance Newhouse Partnership,
    811 F. Supp. 2d 1289 (W.D. Tex. 2011) ................................................ 19, 20

Exxon Corp. v. Burglin,
    4 F. 3d 1294 (5th Cir. 1993) ......................................................................15

Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,
    463 U.S. 1 (1983)....................................................................................11

Gasch v. Hartford Acc. & Indem. Co.,
    491 F. 3d 278 (5th Cir. 2007) .....................................................................16

Guiterrez v. Flores,
    543 F. 3d 248 (5th Cir. 2008) .....................................................................21

Gunn v. Minton,
      ___ U.S. ___, 133 S. Ct. 1059, 185 L. Ed. 2d 685 (2013) ............................16

Hernadez v. Travelers Ins. Co.,
      489 F. 2d 721 (5th Cir. 1974) ........................................................................13

Horn v. Kmart Corp.,
      2007 U.S. Dist. LEXIS 27929 (S.D. Ohio April 16, 2007).................... 20, 21

Household Bank v. JFS Group,
      320 F. 3d 1249 (11th Cir. 2003) .....................................................................12

In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,
      668 F. 3d 281 (5th Cir. 2012) ........................................................................16

Jackson v. Wal-Mart Stores Texas, LLC,
      925 F.Supp.2d 810 (N.D. Tex. 2013) ................................................. 19, 20, 21

Johnson v. City of Houston,
      2013 U.S. Dist. LEXIS 29650 (S.D. Tex. March 13, 2013) .........................21

Jones v. Roadway Express, Inc.,
      931 F. 2d 1086 (5th Cir. 1991) ...................................................................9, 13

Kay v. Home Indemnity Co.,
      337 F. 2d 898 (5th Cir. 1964) ........................................................................13

Kling Realty Co., Inc. v. Chevron USA, Inc.,
      575 F. 3d 510 (5th Cir. 2009) ..........................................................................7

Kokkhonen v. Guardian Life Ins. Co.,
      511 U.S. 375 (1994).......................................................................................16

Liberty Ins. Corp. v. SM Energy,
    2012 U.S. Dist. LEXIS 174069 (S.D. Tex. December 7, 2012) ...................12

Manguno v. Prudential Prop. & Cas. Ins. Co.,
    276 F. 3d 720 (5th Cir. 2002) ....................................................................7, 16

Michels v. Safeco Ins. Co. of Indiana,
    2013 U.S. App. LEXIS 22553 (5th Cir. November 6, 2013).........................7

Morgan County War Mem. Hosp. v. Baker,
    314 Fed. Appx. 529 (4th Cir. 2008) ............................................................11

New Orleans & Gulf Coast Ry. Co. v. Barrois,
    533 F. 3d 321 (5th Cir. 2008) ......................................................... 10, 11, 12

Patin v. Allied Signal, Inc.,
    77 F. 3d 782 (5th Cir. 1998) ................................................................. passim

Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.,
    99 F. 3d 746 (5th Cir. 1996) ........................................................................15

Smith v. BCE, Inc.,
    225 Fed. Appx. 212 (5th Cir. 2007) ............................................................15

Stockman v. Fed. Election Comm'n,
    138 F. 3d 144 (5th Cir. 1998) ......................................................................16

TTEA v. Ysleta del Sur Pueblo,
    181 F. 3d 676 (5th Cir. 1999) ......................................................................11

Wilson v. Lowe's Home Center, Inc.,
    401 F. Supp. 2d 186 (D. Conn. 2005) ..........................................................20

**Statutes**

28 U.S.C. § 1291 ...................................................................................................1

28 U.S.C. § 1331 ........................................................................... 9, 10, 11

28 U.S.C. § 1332(a)(1) ........................................................................1, 3

28 U.S.C. § 1441(a) ..................................................................... 3, 8, 19

28 U.S.C. § 1445(c) ..................................................................... passim

28 U.S.C. § 1447(c) ................................................................................5

Tex. Labor Code §§ 410.001 ................................................................8

Texas Labor Code § 406.033 ..............................................................17

Texas Labor Code § 417.002 ..................................................... 3, 12, 14

Texas Labor Code §§ 417.001 ..............................................................3

**Rules**

Local Rules of the United States District Court for the Southern District of Texas, LR7.3 .............................................................................................5

# STATEMENT OF JURISDICTION

The Court has jurisdiction over this appeal pursuant to the provisions of 28 U.S.C. § 1291. The appeal is from a Final Dismissal entered by the district court. (ROA.148). The district court had diversity jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a)(1). However, the action was not removable, was wrongly removed, and should have been remanded to Texas state court.

# STATEMENT OF THE ISSUES

The generic issue is whether the district erred in failing to remand this action to state court. On the facts, the generic issue comprises two questions, as follows.

(i)     For purposes of the bar to removability of actions arising under state workmen's laws set forth in 28 U.S.C. § 1445(c), is a Texas state court action seeking a declaratory judgment concerning entitlement to workers' compensation benefits a civil action "arising under" the State's workmen's compensation laws?

(ii)     Do the standards for remand--which require remand if there is any doubt about the propriety of the removal--require remand of this case in any event?

# STATEMENT OF THE CASE

Buddy Trahan ("Trahan") was an Operations Asset Manager for Transocean Offshore Deepwater Drilling, Inc. ("Transocean"). On April 20, 2010, he and other executives flew by helicopter to the Mobile Offshore Drilling Unit known as the Deepwater Horizon. That evening, Trahan was grievously injured in the explosion

aboard the vessel. In fact, he was the most severely injured survivor of the disaster, suffering an astonishing array of injuries.[1] In August 2010, Trahan sued a host of defendants for those injuries. In 2013, he obtained a settlement ("Settlement") of his claims. See Plaintiff's Original Petition ("Petition"), at 2, ¶¶ 5, 7-8. (ROA.15).

Liberty Mutual Insurance Company ("Liberty") is--or at least at the time of the explosion was--Transocean's workers' compensation insurance carrier. As of July 17, 2013, it had paid over $256,000.00 in benefits on Trahan's behalf. Id., at 2, ¶ 6 (Alleging that "Liberty claims to have paid approximately $256,989.46 in benefits on…Trahan['s] behalf."). (ROA.15). Those payments are continuing. Id. After Trahan's Settlement, Liberty asserted a subrogation lien on the proceeds in the amount of $256,989.46. Id. The lien is based on the provisions of Texas Labor Code §§ 417.001, et seq., and would (i) repay Liberty for the benefits it has paid, and/or (ii) give it a credit against future payments for medical expenses.

The insurance contract between Liberty and Transocean contains a waiver of subrogation. Id., at 2, ¶ 8. (ROA.15). Trahan therefore disputes Liberty's claimed entitlement to subrogation for the worker's compensation benefits it has paid, and will pay, on his behalf. To resolve that dispute, he filed suit against Liberty in the 11th Judicial District Court of Harris County, Texas. See Petition. (ROA.14). The Petition seeks, inter alia, a declaratory judgment that Liberty waived its right to

---

[1]  See, e.g., www.chron/business/Steffy/article/Steffy-Justice-delayed-for-DeepwaterHorizon-33357532.php (last accessed December 5, 2013).

subrogation and is not entitled to recovery from the Settlement. Id., at 3, ¶ 10. (ROA.16).[2] Trahan also asserted a bad faith claim. Id., at 3, ¶ 11. (ROA.16).

On October 3, 2013, Liberty removed the action to the Southern District of Texas.[3] Subject matter jurisdiction was properly invoked on the basis of diversity because the parties are of diverse citizenship, and the amount in controversy is met. See Notice of Removal, at 3, ¶¶ 6-8. (ROA.4). Liberty then asserted that the case is removable under Patin v. Allied Signal, Inc., 77 F. 3d 782 (5th Cir. 1998), which held that bad faith claims do not arise under the Texas workers' compensation laws and are not made non-removable by 28 U.S.C. § 1445(c). Id., at 2, ¶ 2. (ROA.5).[4] It said nothing, however, about the removability of the declaratory judgment claim.

On October 15, 2013, Liberty filed a motion to dismiss Trahan's claims for lack of subject matter jurisdiction.[5] In so doing, it described the action as seeking

---

[2] The specific declaratory relief Trahan seeks is that Liberty (i) contractually waived its rights under Texas Labor Code §§ 417.001 et seq., either to recover benefits it has paid, or to receive a credit against future benefits, (ii) is not entitled to reimbursement for payment of medical expenses out of the Settlement pursuant to Texas Labor Code § 417.002(a), (iii) is not entitled to a credit for future payment of medical benefits pursuant to Texas Labor Code § 417.002(b), and (iv) is required to continue to payment benefits to Trahan. See Petition, at 3, ¶ 10. (ROA.16).

[3] See Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441(a) (DIVERSITY) ("Notice of Removal"). (ROA.4).

[4] The removal statute provides, inter alia, that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c) (emphasis added). In Patin, the Court held that bad faith claims do not "arise under" the Texas workers' compensation laws.

[5] See Defendant's Rule 12(b)(1) Motion to Dismiss for Failure to Exhaust Administrative Remedies ("Motion to Dismiss"). (ROA.52).

"to establish that…[Trahan] is entitled to additional workers' compensation benefits under the Texas Workers' Compensation Act…." Motion to Dismiss, at 1. (ROA.52). The power to award such benefits, it asserted, lies exclusively with the Texas Department of Insurance, Workers' Compensation Division ("Division"). Id., at 2. (ROA.53). Accordingly, the argument concluded, the district court lacked subject matter jurisdiction until Trahan had exhausted his administrative remedies before the Division, which he had not done. Id. Conversely, Liberty noted, it had filed with the Division a "dispute" over Trahan's entitlement to additional benefits. Id.[6] Though not reflected in the record, that "dispute" remains pending.

On October 21, 2013, the district court held an initial conference in the case. On the same day, it entered an order requiring Trahan to (i) hire an attorney to represent him in the benefit review conference [before the Division], and inform Liberty of the attorney's identity. See Management Order, dated October 21, 2013, at 1, ¶. (ROA.77). It also ordered Liberty to report on "the status of th[e] case" by October 31, 2013. Id., at 1, ¶ 2. (ROA.77). Then, on October 25, 2013, the district court dismissed the action in favor of the benefits review conference before the

---

[6] Specifically, Liberty asserted that it had filed with the Division a Form DWC-45 seeking a benefit review conference to resolve the dispute over Trahan's entitlement to additional workers compensation benefits and to determine Liberty's rights to reimbursement for the amount of benefits paid in light of the Settlement. See Motion to Dismiss, at 4. (ROA.55). "Trahan, however, filed suit against Liberty in state court seeking to establish his entitlement to additional workers' compensation benefits.[]" Id. (emphasis added) (footnote omitted).

Division, effectively granting Liberty's motion to dismiss for lack of subject matter jurisdiction. <u>See</u> Final Dismissal, at 1, ¶ 1. (ROA.85). It retained jurisdiction to consider a motion to reopen the case, however, if Trahan "chooses to persist in his claims after the agency's ruling." <u>Id.</u>, at 1, ¶ 2. (ROA.85).

The district court's summary dismissal of the case occurred without notice to Trahan and prior to the expiration of the two then-governing deadlines. <u>First</u>, under the removal statute, Trahan had 30 days after the filing of the Notice of Removal, <u>i.e.</u>, until November 2, 2013, to move to remand the case. <u>See</u> 28 U.S.C. § 1447(c). <u>Second</u>, under the district court's Local Rules, Liberty's Motion to Dismiss was due for submission 21 days after filing, <u>i.e.</u>, on November 5, 2013.[7] In dismissing the action on October 25, 2013, the district court inexplicably acted well before the deadlines for Trahan to move for remand and oppose the Motion to Dismiss.

On November 1, 2013, Trahan filed a motion for reconsideration asking the district court to reopen the case so that he could exercise his statutory right to file a motion to remand.[8] The motion for remand was then formally filed on November 4, 2013. (ROA.104). On November 5, 2013, the district court reopened the case and ordered Liberty to respond to the motion to remand. <u>See</u> Order Reopening

---

[7] <u>See</u> Local Rules of the United States District Court for the Southern District of Texas, LR7.3 (providing for submission of opposed motions to the judge 21 days after filing).

[8] <u>See</u> Plaintiff Buddy Trahan's Motion for Reconsideration of Final Dismissal. (ROA.13-20717.86). A copy of proposed Motion to Remand was annexed to the motion.

Case, at 1. (ROA.120). Liberty filed a response opposing the motion to remand on November 14, 2013; Trahan filed a reply on November 18, 2013; and Liberty filed a sur-reply on November 21, 2013.[9] In the meanwhile, the district court denied the motion to remand stating, in toto, that "[b]ecause this case does not arise under the workers' compensation laws, Buddy Trahan's motion to remand is denied." Order Denying Remand. (ROA.147). Concurrently, it entered a new (but identical) Final Dismissal of the action. (ROA.148). This appealed timely followed. (ROA.149).

## SUMMARY OF THE ARGUMENT

(i)     State court actions arising under workers' compensation laws are not removable. See 28 U.S.C. § 1445(c). Trahan's claim for a declaratory judgment arises under the Texas workers' compensation laws. The action was therefore non-removable and should have been remanded to state court.  See Parts I, III, infra.

(ii)     Any doubts about the propriety of removal must be resolved in favor of remand. At the very least, the propriety of Liberty's removal of this action was sufficiently questionable to require remand as a matter of policy. See Part II, infra.

---

[9] See Defendant Liberty Mutual Insurance Company's Response to Plaintiff's Motion to Remand; Plaintiff Buddy Trahan's Reply to Defendant's Response to Motion to Remand; Defendant's Surreply to Plaintiff's Reply to Defendant's Response to the Motion to Remand. (ROA.121; ROA.132; ROA.140, respectively). Because the Order Denying Remand contains no substantive discussion or anaylsis, it is unclear whether, or to what extent, the district court considered the parties' briefing. As set forth below, however, the Court reviews the denial of remand de novo.

## STATEMENT OF THE STANDARD OF REVIEW

"This court reviews decisions denying remand de novo." Barker v. Hercules Offshore, Inc., 713 F. 3d 208, 212 (5th Cir. 2013), citing Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F. 3d 720, 722 (5th Cir. 2002). See also, e.g., Kling Realty Co., Inc. v. Chevron USA, Inc., 575 F. 3d 510, 513 (5th Cir. 2009). On a motion to remand, "'[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.'" Barker v. Hercules Offshore, Inc., supra, at 212, quoting Manguno v. Prudential Prop. & Cas. Ins. Co., supra, at 723. See also, e.g., Michels v. Safeco Ins. Co. of Indiana, 2013 U.S. App. LEXIS 22553, at * 4 (5th Cir. November 6, 2013). "'Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.'" Barker, supra, at 212, quoting Manguno, supra, at 723.

## ARGUMENT

## I.   TRAHAN'S STATE COURT DECLARATORY JUDGMENT ACTION IS COVERED BY, AND NON-REMOVABLE UNDER, 28 U.S.C. § 1445(c).

The general removal statute provides that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed…." 28 U.S.C. § 1441(a). Thus, if Congress has so provided, civil actions that otherwise would be removable cannot be removed. One of the exceptions to removability is

set forth in § 1445(c), which prohibits removal of civil actions "arising under" state workers' compensation laws.[10] Under Patin v. Allied Signal, Inc., supra, Trahan's claim for breach of the duty of good faith and fair dealing does not "arise under" the Texas workers' compensation laws, i.e., the Texas Workers' Compensation Act ("TWCA"), Tex. Labor Code §§ 410.001, et seq., and is not within the scope of § 1445(c). See 77 F. 3d at 786-89.[11] The converse is true, however, for Trahan's state court declaratory judgment claim. As explained below, that claim arises under the TWCA, is covered by § 1445(c), and was not removable as a matter of law.

In Patin, the Court began "by reiterating a basic rule of this circuit that the 'arising under' standard expressed in § 1445(c) should be interpreted broadly and in a manner consistent with our interpretation of that standard under [28 U.S.C.] § 1331, which governs federal question jurisdiction[]." Patin v. Allied Signal, Inc., supra, at 787 (footnote omitted), citing Jones v. Roadway Express, Inc., 931 F. 2d 1086, 1092 (5th Cir. 1991). Consistent with that basic rule, the Court looked for the source of bad faith claims under Texas law. Relying on Aranda v. Insurance Co. of N. Am., 748 S.W. 2d 210 (Tex. 1988), it first found that bad faith claims "arise under common law, not under the…[TWCA].[]" Id., at 787 (footnote

---

[10] See note 4, supra.

[11] The specific holding in Patin was that "the breach of the duty of good faith and fair dealing by a carrier of workers' compensation insurance is an independent tort created by—and this 'arising under'—the common law…." Patin, supra, at 790. Thus, a covered employee's claims…against the employer's workers' compensation insurance carrier for breach of the duty of good faith and fair dealing are *not* immunized against removal…by…§ 1445(c)." Id. (emphasis in original).

omitted). In addition, it further found as a matter of construction of the removal statute that the policy underlying § 1445(c) "does not appertain when the cause of action at issue is independent of the administrative procedure applicable to a state workers' compensation claim—as are claims for breach of the duty of good faith and fair dealing." Id., at 788. Thus, because claims for bad faith do not arise under the TWCA, and their removal is therefore not barred by § 1445(c), the Court affirmed the district court's denial of the plaintiffs' motion to remand. Id., at 789, 790.

The only claim alleged in Patin was a claim for bad faith. Unlike this action, then, Patin did not involve a claim for declaratory judgment concerning entitlement to additional workers' compensation benefits. As a result, it provides no holding on whether such a claim arises under the TWCA. The analysis of that issue, however, should follow the "basic rule" reiterated in Patin: the "arising under" standard in § 1445(c) should be interpreted broadly, and in the same way the Court interprets the "arising under" standard for federal question jurisdiction under § 1331.[12] Informed by the principles of the basic rule, the Court should hold that Trahan's declaratory judgment claim arises under the TWCA and is non-removable under § 1445(c).

---

[12] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added).

**A.    By Analogy to, and Contextual Application of, the "Arising Under" Standard for Federal Question Jurisdiction Under § 1331, Trahan's Declaratory Judgment Claim Arises Under the TWCA.**

With respect to the second component of Patin's basic rule, whether a cause of action arises under federal law is ordinarily determined by application of the well-pleaded complaint rule. New Orleans & Gulf Coast Ry. Co. v. Barrois, 533 F. 3d 321, 328 (5th Cir. 2008). Under that rule, the existence of a federal question is a function of the plaintiff's statement of his cause of action. Thus, the rule focuses on whether the plaintiff has affirmatively alleged a federal claim, i.e., a claim for relief provided by federal law. Unless the plaintiff has done so, the case does not arise under federal law and jurisdiction under § 1331 does not exist, even if the case involves defenses under federal law. Id. Moreover, the same treatment applies to removed cases as well as cases originally filed in federal court. Id., at 328-29. Ordinarily, then, a court simply looks to the operative pleading to determine the source of the relief requested by the plaintiff. In Patin, the Court did the same thing by analogy, i.e., it looked to the source of the plaintiff's state law bad faith claim. The task, however, was to determine not whether the claim arose under state or federal law, but whether it arose under the TWCA or common law. In effect, therefore, the analysis in Patin reflects a contextual application of the well-pleaded complaint rule, and the result flowed ineluctably from that analysis.

In the context of a claim for declaratory judgment, the Court asks a different analysis in applying the well-pleaded complaint rule. Specifically, "we ask whether 'if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question.'" New Orleans & Gulf Coast Ry. Co. v. Barrois, supra, at 329, quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 19 (1983); TTEA v. Ysleta del Sur Pueblo, 181 F. 3d 676, 681 (5th Cir. 1999). In other words, the character of a hypothetical coercive action by the declaratory judgment defendant determines whether there is jurisdiction under § 1331. If that action would arise under federal law, then there is federal question jurisdiction over the declaratory judgment action. See, e.g., Morgan County War Mem. Hosp. v. Baker, 314 Fed. Appx. 529, 532-33 (4th Cir. 2008). Thus, the Declaratory Judgment Act permits a party "to bootstrap its way into federal court by bringing a federal suit that corresponds to one the opposing party might have brought." Household Bank v. JFS Group, 320 F. 3d 1249, 1257 (11th Cir. 2003) (internal quotation marks omitted) (emphasis in original). Because the same "arising under" standard applies to § 1445(c), whether Trahan's declaratory judgment claim arises under the TWCA is determined by the nature of a hypothetical coercive claim brought by Liberty.[13]

---

[13] Under the well-pleaded complaint rule, the declaratory judgment plaintiff does not establish jurisdiction under § 1331 by asserting anticipated or potential federal defenses as affirmative claims for relief. See New Orleans & Gulf Coast Ry. Co. v. Barrois, supra, at 328. Similarly, if a

Liberty's claim is that, under Texas Labor Code § 417.002, it has a statutory lien on the proceeds from the Settlement. A hypothetical coercive claim by Liberty against Trahan would be an action to enforce the subrogation rights created by the TWCA. Precisely such actions are commonplace. See, e.g., Liberty Ins. Corp. v. SM Energy, 2012 U.S. Dist. LEXIS 174069 (S.D. Tex. December 7, 2012) (suit by compensation carrier to establish statutory subrogation rights under TWCA). The TWCA creates the right that Liberty would seek to enforce, and its hypothetical coercive action against Trahan would therefore arise under the TWCA. Thus, applying the "arising under" standard in § 1445(c) in a manner consistent with the interpretation of that standard under § 1331 results in the conclusion that Trahan's declaratory judgment claim arises under the TWCA. The Court should so hold.

**B.    Under a Broad Interpretation of § 1445(c)'s Arising Under Standard, Trahan's Declaratory judgment Claim Arises Under the TWCA.**

With respect to the first component of Patin's basic rule, "the 'arising under' standard expressed in § 1445(c) should be interpreted broadly…." Patin v. Allied Signal, Inc., supra, at 787. The reason, as the Court has observed, is that "Congress intended that all cases arising under a state's workers' compensation scheme remain in state court," and a broad interpretation serves to "further that purpose." Jones v.

---

coercive claim brought by the declaratory judgment defendant would not arise under federal law, the fact that the declaratory judgment plaintiff would have a federal defense to the claim also does not establish jurisdiction under § 1331. Instead, the nature of the hypothetical coercive claim--standing alone--determines the law under which the declaratory judgment claim arises.

Roadway Express, Inc., supra, at 1092 (emphasis added).[14] Accordingly, § 1445(c) "reflects a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition." Id., citing Kay v. Home Indemnity Co., 337 F. 2d 898, 902 (5th Cir. 1964). "Convinced that compensation cases 'have little real business in a federal court,' this court has been reluctant 'to strain to find a way to entertain workmen's compensation suits.'" Id., citing Kay, supra, at 901.

And so it should be in this case. Consistent with the policies underlying the statute, the Court should interpret § 1445(c)'s "arising under" standard broadly to prevent removal of workers' compensation cases. Indeed, a broad interpretation is especially appropriate with respect to Trahan's declaratory judgment claim because in all meaningful respects--except form--that claim effectively is no different from a direct action against Liberty for additional workers' compensation benefits. For example, as Liberty described the Petition, Trahan alleges entitlement to additional workers' compensation benefits under the TWCA. See Notice of Removal, at 1. (ROA.13-20717.4). Likewise, the recovery that Liberty seeks from Trahan is based

---

[14] The Court explained that Congress enacted § 1445(c) "[t]o restrict diversity jurisdiction and to stop the removal of compensation cases which were increasing the already overburdened docket of the federal courts...." Jones v. Roadway Express, Inc., supra, at 1091. And as Judge Wisdom observed, "Congress was familiar with the burden workmens' compensation cases imposed on federal courts." Hernadez v. Travelers Ins. Co., 489 F. 2d 721, 724 (5th Cir. 1974). The Judicial Conference recommended passage of the statute because the federal court's workloads had been greatly increased by removal of compensation cases. Id. (citation and quotation omitted).

on the subrogation provisions of Texas Labor Code § 417.002. Id., at 2, ¶ 2. (ROA.5). Moreover, Liberty moved to dismiss the action on the basis that the benefits sought by Trahan are compensation benefits that can be awarded only by the Division—acting, of course, under the TWCA--in the first instance. See Motion to Dismiss, at 2. (ROA.53). And it has filed with the Division a "dispute" over Trahan's claim of entitlement to additional benefits. Id. Thus, the reality is that (i) Trahan's claim for additional benefits arises under the TWCA, and (ii) both Liberty's resistance to that claim, and its claim to subrogation for benefits paid, arise under the TWCA.

Given all of this, it is impossible to see how Trahan's declaratory judgment claim could not arise under the Texas workers' compensation laws. Again, the only distinction between this action and an action for damages is the form in which the claim is presented. For purposes of determining whether the claim arises under the TWCA, that is a distinction without a difference. A declaratory judgment under the Texas Civil Practices and Remedies Code is only a procedural device that creates no substantive rights or causes of action. Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F. 3d 746, 752 n.3 (5th Cir. 1996), citing Exxon Corp. v. Burglin, 4 F. 3d 1294, 1302 (5th Cir. 1993). Trahan's declaratory judgment claim, then, is simply a theory of recovery for the additional compensation benefits he seeks under the TWCA. See Smith v. BCE, Inc., 225

Fed. Appx. 212, 216 (5th Cir. 2007) (declaratory judgment claim constituted only a theory of recovery).

In applying § 1445(c)'s arising under standard, the Court should look not to the procedural device chosen by Trahan, but to the source of the substantive rights at issue. Here, the source of the substantive rights claimed by Trahan is the TWCA. Interpreting § 1445(c)'s arising under standard broadly, the Court should hold that Trahan's state court declaratory judgment claim arises under the TWCA. And it should further hold that removal of the claim was barred by § 1445(c). A contrary holding would (i) literally exalt form over substance, (ii) serve no jurisprudential end, and (iii) affirmatively disserve the purpose of § 1445(c).[15]

## II.    THE APPICABLE STANDARDS FOR REMAND, WHICH THE DISTRICT COURT DID NOT ADDRESS, MANDATE REMAND OF THIS ACTION AS A MATTER OF JURISDICTIONAL POLICY.

"'Federal courts are courts of limited jurisdiction….'" Gunn v. Minton, ___ U.S. ___, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 685 (2013), quoting Kokkhonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). See also In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 668 F. 3d 281, 286 (5th Cir. 2012); Stockman v. Fed. Election Comm'n, 138 F. 3d 144, 151 (5th Cir. 1998). Hence, "[t]he removal

---

[15] For example, suppose that A sues B in state court for benefits under the TWCA, adding no other claims ("Action 1"), and C sues D in state court for a declaratory judgment of entitlement to benefits under the TWCA, adding no other claims ("Action 2"). Action 1 is not removable under § 1445(c). Permitting removal of Action 2 even though it is substantively no different from Action 1 would further no purpose and make no practical sense.

statute should be strictly construed in favor of remand," Ernewayn v. Home Depot U.S.A., Inc., 727 F. 3d 369, 370 (5th Cir. 2013). Further, "any doubt about the propriety of removal must be resolved in favor of remand." Gasch v. Hartford Acc. & Indem. Co., 491 F. 3d 278, 281-82 (5th Cir. 2007) (emphasis added). Finally, because the removal statute is strictly construed in favor of remand, all ambiguities about the issue must be construed against removal. See Ernewayn, supra, at 370; Barker, supra, at 212, quoting Manguno, supra, at 723.[16]

An example of how these concepts are applied--and should be applied here-- is found in Ernewayn. In that case, the plaintiff filed an action in state court claiming that her employer's negligence caused her on-the-job injuries. See 727 F. 3d at 370. The employer was not a subscriber to the Texas Workers' Compensation Fund, the case was therefore filed as a non-subscriber action pursuant Texas Labor Code § 406.033. Id. The employer removed the action on the basis of diversity. Id. The employee moved to remand, contending that the action arose under the TWCA and therefore was not removable under § 1445(c). Id. The employer "protested that the suit does not 'aris[e] under the workmen's compensation laws' of Texas and is therefore removable." Id. Thus, Ernewayn's facts closely parallel those in this case.

---

[16] All of this is rooted in our federalism. Specifically, because the effect of removal is to deprive the state court of an action properly before it, "'removal raises significant federalism concerns.'" Gasch v. Hartford Acc. & Indem. Co., supra, at 281, quoting Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F. 3d 362, 365-66 (5th Cir. 1995). The federal courts "must not trespass upon the judicial 'turf' of the state courts." B., Inc. v. Miller Brewing Co., 663 F. 2d 545, 554 (5th Cir. 1981). Thus, the removal statute is strictly construed against removal, and any doubts about the propriety of removal are resolved in favor of remand.

After finding diversity jurisdiction, the district court considered the issue of whether the action was non-removable under § 1445(c). Id. Noting that the lower courts are divided as to whether non-subscriber claims arise under the TWCA, and the Fifth Circuit had eschewed comment on a controlling issue, the court "found 'ambiguity' as to whether…[the action] was removable." Id. Then, "[c]onsistent with the underlying policy of § 1445(c) and…[the] canon that '[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand,'[]…[it] concluded that the suit was 'not removable' and 'must be remanded.'" Id. Thus, after finding ambiguity in the unsettled state of the law, "[b]ecause of the policy underlying § 1445(c), and this court's instruction that ambiguities in removal statutes be construed against removal, the district court construed § 1445(c) in favor of remand." Id., at 372. Holding the remand non-reviewable under 28 U.S.C. § 1447(d), the Court dismissed the appeal. Id.

The cautious approach taken in Ernewayn is the approach the district should have taken in this case. More importantly, however, it is the approach this Court should now take in deciding Trahan's appeal. If it is not clear that Trahan's claim for a declaratory judgment arises under the TWCA, then it also is not clear that it does not. As far as we are aware, there are no cases within the circuit that analyze

the issue; and none, save this case, that deal with the issue at all.[17] While not the same "split-of-authority" ambiguity extant in <u>Ernewayn</u>, this situation presents an ambiguity nonetheless. The district court erred as a matter of law in failing to apply the standards applicable to removal and remand at all, let alone faithfully. In light of the policy underlying § 1445(c), and the Court's teaching that any ambiguities must be strictly construed against removal, the Court should hold that Trahan's state court declaratory judgment action was not removable under § 1445(c).

## III.   THE ACTION SHOULD BE REMANDED TO STATE COURT <u>IN TOTO</u>.

Given that (i) diversity jurisdiction exists, (ii) Trahan's declaratory judgment claim is not removable under § 1445(c) because it arises under the TWCA, and (iii) his bad faith claim would be removable if standing alone, as in <u>Patin</u>, the issue becomes the extent to which the action must be remanded. In other words, because the action comprises one theoretically removable claim, and one non-removable claim that must be remanded in any event, the Court must determine the scope of the remand. For three reasons, the action should be remanded in its entirety.

<u>First</u>, the removal statute allows removal of "civil action[s]," not individual "claims" or "causes of action." <u>See</u> 28 U.S.C. § 1441(a). Similarly, § 1445(c) bars

---

[17] The district court's one-sentence Order Denying Remand contains no analysis. (ROA.147). Thus, as far as we are aware, this issue is one of first impression in this circuit. Indeed, we are not aware of a reported case on point from any court at any level. The cases invoked by Liberty did not involve removal of declaratory judgment actions, and were therefore inapposite.

removal of "a civil action," not an individual "claim" or "cause of action." Though this Court has not addressed the issue, several district courts have recently held that "civil action" refers to the entire case. See, e.g., Jackson v. Wal-Mart Stores Texas, LLC, 925 F.Supp.2d 810, 813 (N.D. Tex. 2013) ("[U]nder a plain reading of the statute's text, the phrase 'civil action' refers to an entire case rather a separate causes of action within a case."); Carey v. Bank of America, N.A., 904 F.Supp.2d 617, 619 (N.D. Tex. 2012) ("The term 'any civil action' refers generally to an entire case."); Escobedo v. Time Warner Entertainment Advance Newhouse Partnership, 811 F. Supp. 2d 1289, 1292 (W.D. Tex. 2011) ("The term 'any civil action' generally refers to an entire case and § 1441(a), therefore, applies to the removal of a case as a whole."). The Court should agree and adopt this reading of the term.[18]

Second, the removal statute expressly allows removal if a federal question is joined with, inter alia, a "claim that has been made nonremovable by statute…." 28 U.S.C. § 1441(c)(1)(B). Thus, for example, an action comprising (i) a claim arising under § 1331, and (ii) a claim arising under the TWCA, would be removable under § 1441(c)(1)(B). In other words, "the entire action may be removed if the action

---

[18] In Jackson, the court remanded an action alleging a retaliation claim under the TWCA and claims for race discrimination and retaliation in violation of the Texas Commission on Human Rights Act ("TCHRA"). See Jackson, supra, at 812. In Carey, the court remanded an action alleging claims of "disability and age discrimination, harassment, and retaliation in violation of the…[TCHRA], as well as a claim alleging workers' compensation retaliation under Texas Labor Code section 451.001." Carey, supra, at 618. In Escobedo, the court remanded an action alleging age discrimination and worker's compensation retaliation. See Escobedo, supra, at 1291.

would be removable <u>without</u> the inclusion of the…[non-removable] claim….” <u>Id</u>. (emphasis added). In that event, however, “the district court shall sever from the action all [non-removable] claims…and…remand the severed claims to the State court from which the action was removed.” 28 U.S.C. § 1441(c)(2). This treatment makes sense for claims involving federal questions, which remain in federal court while the non-removable claims are severed and remanded. There is, however, no provision for that treatment when the action involves only state law claims. Those actions are not removable at all, and must be remanded <u>in</u> <u>toto</u>. <u>See</u>, <u>e.g.</u>, <u>Jackson</u>, <u>supra</u>, at 813-15; <u>Carey</u>, <u>supra</u>, at 620; <u>Escobedo</u>, <u>supra</u>, at 1292-93. This treatment is faithful to the text of the statute and conceptually sound. The Court should agree and hold that, in this circumstance, remand of the entire action is required.[19]

    <u>Third</u>, these courts noted that “remand of the entire case is the right decision from a policy perspective.” <u>Jackson</u>, <u>supra</u>, at 815. Because the plaintiff’s claims arise from the same set of facts, for example, “it would be unfair to…[the plaintiff] and an inefficient use of judicial resources to force…[him] to present his facts twice.” <u>Id</u>. <u>Accord</u> <u>Carey</u>, <u>supra</u>, at 620. Moreover, “this case involves only issues of state law, and state court is generally the preferred forum for such issues.” <u>Jackson</u>, <u>supra</u>, at 815. Finally, and most importantly, “[t]he court…should resolve

---

[19] <u>See</u> <u>also</u>, <u>e.g.</u>, <u>Horn v. Kmart Corp.</u>, 2007 U.S. Dist. LEXIS 27929, at * 11-13 (S.D. Ohio April 16, 2007); <u>Wilson v. Lowe’s Home Center, Inc.</u>, 401 F. Supp. 2d 186, 192-97 (D. Conn. 2005).

all doubts in favor of remand in order to avoid state-federal federalism conflicts."

Id., citing Guiterrez v. Flores, 543 F. 3d 248, 251 (5th Cir. 2008). See also Johnson

v. City of Houston, 2013 U.S. Dist. LEXIS 29650, at * 8 (S.D. Tex. March 13,

2013) (Resolving all ambiguities and doubts in favor of remand, remanding case);

Horn v. Kmart Corp., supra, at * 13-16 (discussing policies). Once again, the Court

should agree and hold that, when an action with a claim arising under the TWCA is

wrongly removed, policy considerations require remand of the entire action.[20]

## CONCLUSION

For the reasons set forth above, the Court should vacate the Final Dismissal,

and remand the action with instructions that it be remanded in its entirety to 11th

Judicial Court of Harris County, Texas.

---

[20] As noted above, Liberty sought dismissal of the action for Trahan's alleged failure to exhaust administrative remedies. In connection with that claim, it asserted that no Texas state court has jurisdiction over the action because only the Division can award workers' compensation benefits in the first instance. See Defendant's Surreply to Plaintiff's Reply to Defendant's Response to the Motion to Remand, at 1-3. (ROA.140-142). Liberty's understanding of "jurisdiction," however, is a moving target informed by its own convenience. For example, when Trahan filed his Texas state court action for damages in connection with the Deepwater Horizon disaster, Liberty filed a Petition in Intervention seeking to be subrogated to Trahan's recovery against the defendants for the workers' compensation benefits it had paid. See Petition in Intervention, annexed hereto as Exhibit A. And after Trahan's state court case was removed and subsequently transferred to the Eastern District of Louisiana as a tag-along case in M.D.L. 2179, Liberty filed (i) another motion to intervene, (ii) a memorandum in support, and (iii) a Complaint in Intervention. See Motion to Intervene; Memorandum in Support of Motion to Intervene; and Complaint in Intervention, all annexed hereto as Exhibits B.1, B.2, and B.3, respectively. Thus, Liberty has twice asked a court to apply the provisions of the TWCA with respect to Trahan's recovery. The Court may take judicial notice of these filings, and Trahan requests that it do so. See Fed. R. Evid. 201.

Dated: February 20, 2014

**LUBEL VOYLES LLP**

By:    */s/ Lance H. Lubel*

Lance H. Lubel
Adam Q. Voyles
Texas State Bar No.: 12651125
5020 Montrose Blvd., Ste. 800
Houston, Texas 77006
Telephone No.: (713) 284-5200
Facsimile No.: (713) 284-5250
Email: lance@lubelvoyles.com

**ATTORNEYS FOR APPELLANT,
BUDDY TRAHAN**

# CERTIFICATE OF SERVICE

I certify that on February 20, 2014, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system to the participants listed below. To the extent anyone is not registered, service will be effectuated by certified mail.

David L. Plaut
Catherine L. Hanna
Anne-Marie Abarado
HANNA & PLAUT LLP
211 E. Seventh Street, Suite 600
Austin, Texas 78701
*Attorney for Defendant/Appellee,*
*Liberty Mutual Insurance Co*.

*/s/ Lance H. Lubel*
Lance H. Lubel

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

NO. 13-20717

---

BUDDY TRAHAN,
*Plaintiff-Appellant*,

v.

LIBERTY MUTUAL INSURANCE CO.,
*Defendant-Appellee*.

---

On Appeal from the United States District Court for
the Southern District of Texas, Houston Division,
Case No. 4:13-cv-02927
The Honorable Lynn N. Hughes, Presiding

---

## CERTIFICATE OF COMPLIANCE

---

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(ii) because this brief contains 5,926 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-styles requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally-spaced typeface using Microsoft Office (Word) 2010 in 14 pt. font using Times New Roman type style.

*/s/ Lance H. Lubel*
Lance H. Lubel

CAUSE NO. 2010-52092

| | | |
|---|---|---|
| **BUDDY TRAHAN** | § | IN THE DISTRICT COURT OF |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| | § | |
| **VS.** | § | **270TH JUDICIAL DISTRICT** |
| | § | |
| **BP, PLC; ET AL** | § | |
| | § | |
| **DEFENDANTS.** | § | **HARRIS COUNTY, TEXAS** |

## PETITION IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES LIBERTY MUTUAL INSURANCE COMPANY, hereinafter referred to as ("Intervenor") and would show this Honorable Court the following:

I.

1.       Intervenor is duly incorporated under and by virtue of the laws of the State of Massachusetts, with a permit to write insurance in the State of Texas, including Workers' Compensation Insurance.

II.

2.       Intervenor provided Workers' Compensation Insurance to the employer of Buddy Trahan, Plaintiff, hereinafter referred to as ("Plaintiff") at the time of the incident alleged in Plaintiff's Original Petition on file herein.  Plaintiff's employer, was a policyholder of Liberty Mutual Insurance Company at the time of said incident, and Intervenor, in the discharge of its liability under the Workers' Compensation Policy issued to said employer has paid to Buddy Trahan, or on his behalf, sums of money as follows:

| | |
|---|---|
| Indemnity payments: | $0.00 |
| Medical expenses: | $173,867.08 |
| **Total** | **$173,867.08** |

Exhibit A

By reason of such payment, Intervenor is herein subrogated to the rights of Plaintiff against Defendants, for said total, as well as any future indemnity and medical payments, which Intervenor may be required to pay because of the damages sustained by Plaintiff.

III.

3.     In connection with this Petition in Intervention, Intervenor adopts *in toto* the allegations contained in Plaintiff's Original Petition and subsequent amended pleadings setting forth and describing the liability of Defendants and the injuries received by Plaintiff.

**WHEREFORE, PREMISES CONSIDERED**, Intervenor prays that it be subrogated to the rights of Plaintiff herein in any recovery against Defendants to the extent of the amount that it has paid and may be required to pay to or on behalf of Plaintiff, and further, that Intervenor be awarded all expenses incurred because of the damages to Plaintiff, its court costs, and such other and further relief, whether general and special, at law or in equity, to which Intervenor may show itself justly entitled.

Respectfully Submitted,

GREGORY V. GALLAGHER
State Bar No. 24032336
Law Offices of Kilpatrick & White
1100 NW Loop 410
Suite 302
San Antonio, TX 78213
Phone: 210-200-5805
Fax:    866-221-6120
Cell:   210-238-8814
gregory.gallagher@libertymutual.com.
*Attorney for Intervenor*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Petition In Intervention** has been provided to all counsel of record on this 2nd day of November, 2011, as follows:

*Via Facsmimile 713.986.7100*
Mr. Lance H. Lubel
Lubel Voyles LLP
1300 Poast Oak Blvd., Suite 2000
Houston, Texas 77056
*Attorney for Plaintiff*

*Via Facsmimile 713.951.3720*
Mr. James Kennedy Taylor
Beck Redden & Secrest, LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010
*Attorney for Defendant*
*Cameron International Corporation f/k/a Cooper Cameron Corporation and d/b/a Cameron Systems Corportion*

*Via Facsmimile 713.220.4285*
Mr. Thomas W. Taylor
Andrews Kurth LLP
JPMorgan Chase Tower
600 Travis Street, Suite 4200
Houston, TX 77002
*Attorney for Defendant*
*BP America Inc, BP Corporation North America Inc, BP company North America Inc, BP Products North America Inc, BP Exploration & Production Inc, BP America Production Company*

Drill-Quip, Inc
Registered Agent, Jerry M. Brooks
13550 Hempstead Highway
Houston, Texas 77040
*Defendant*

Sperry-Sun Drilling Services, Inc
Registered Agent, CT Corporation System
350 North St. Paul Street
Dallas, TX 75201
*Defendant*

Anadarko Petroleum Corporation
Registered Agent, CT Corporation System
350 N. St. Paul St., Ste 2900
Dallas, TX 75201-4234
*Defendant*

Weatherford International, LTD
515 Post Oak Blvd #600
Houston, TX 77027-9408
*Defendant*

M-I L.L.C. d/b/a M-I Swaco
5950 North Course Drive
Houston, TX 77072
*Defendant*

Halliburton Energy Services, Inc
Registered Agent, CT Corporation System
350 N. St. Paul St., Ste 2900
Dallas, TX 75201-4234
*Defendant*

_____

GREGORY V. GALLAGHER

WC949-040545-00 (B. Trahan)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG<br>    "DEEPWATER HORIZON" in the<br>    GULF OF MEXICO, on<br>    APIRL 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO:<br>Buddy Trahan v. BP, PLC; et al.; 270th Judicial<br>District, Harris County, Texas,<br>Case No. 2010-52092 | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |

*****

**MOTION TO INTERVENE**

NOW INTO COURT, through undersigned counsel, comes **Liberty Mutual Insurance Company**, the workers' compensation insurance carrier of TransOcean Inc., the employer of Buddy Trahan, the named plaintiff herein, which moves this court for leave to intervene. **Liberty Mutual Insurance Company** desires to intervene in this action to recover the workers' compensation benefits paid to or on behalf of Buddy Trahan as a result of the injuries he sustained on or about April 20, 2010.

This motion to intervene is made pursuant to Rule 24 of the Federal Rules of Civil Procedure, local rules relative to multiple district litigation and it is respectfully requested that the Court permit this intervention.

Respectfully submitted:

Exhibit B.1

BY:_/s/<u>Dan Boudreaux</u>
DAN BOUDREAUX, #18058
LAW OFFICES OF KEITH S. GIARDINA
9100 Bluebonnet Centre Boulevard
Suite 300
Baton Rouge, LA 70809
Tel: (225) 293-7272
Fax: (225) 291-3308
<u>Dan.Boudreaux@Libertymutual.com</u>
Attorney for Intervenor, Liberty Mutual
Insurance Company

WC949-040545-00

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APIRL 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: Buddy Trahan v. BP, PLC; et al.; 270th Judicial District, Harris County, Texas, Case No. 2010-52092 | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |

*****

**MEMORANDUM OF LIBERTY MUTUAL INSURANCE COMPANY IN SUPPORT OF MOTION TO INTERVENE**

MAY IT PLEASE THE COURT:

Liberty Mutual Insurance Company, the workers' compensation insurance carrier of TransOcean Inc., the employer of Buddy Trahan, a plaintiff in this multiple district litigation, filed a Motion to Intervene in the above captioned matter. Liberty Mutual Insurance Company filed this motion pursuant to Rule 24 of the Federal Rules of Civil Procedure and local riles relative to multiple district litigation to recover the workers' compensation benefits paid to or on behalf of Buddy Trahan as a result of the injuries he sustained on or about April 20, 2010, during the course of his employment with Trans Ocean, Inc. Liberty Mutual Insurance Company maintains its right to recover the workers' compensation benefits paid to or on the behalf of Buddy Trahan pursuant to the Texas Workers' Compensation Act.

**Exhibit B.2**

Liberty Mutual Insurance Company, therefore, respectfully moves this Court to grant its Motion to Intervene.

Respectfully submitted:

BY:___/s/Dan Boudreaux_____
        DAN BOUDREAUX, #18058
        LAW OFFICES OF KEITH S. GIARDINA
        9100 Bluebonnet Centre Boulevard
        Suite 300
        Baton Rouge, LA 70809
        Tel: (225) 293-7272
        Fax: (225) 291-3308
        Dan.Boudreaux@Libertymutual.com
        Attorney for Intervenor, Liberty Mutual Insurance Company

WC949-040545-00

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG<br>        "DEEPWATER HORIZON" in the<br>        GULF OF MEXICO, on<br>        APIRL 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO:<br>Buddy Trahan v. BP, PLC; et al.; 270th Judicial<br>District, Harris County, Texas,<br>Case No. 2010-52092 | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |

*****

**2.08 CERTIFICATE**

I hereby certify that I have obtained no objection from the court designated counsel(s) of record or plaintiff's attorney, Lance Lubel, to file this petition of intervention on behalf of Liberty Mutual Insurance Company in the MDL 2179.

Respectfully submitted:

BY:  /s/Dan Boudreaux
     DAN BOUDREAUX, #18058
     LAW OFFICES OF KEITH S. GIARDINA
     9100 Bluebonnet Centre Boulevard
     Suite 300
     Baton Rouge, LA 70809
     Tel: (225) 293-7272
     Fax: (225) 291-3308
     Dan.Boudreaux@Libertymutual.com
     Attorney for Intervenor, Liberty Mutual
     Insurance Company

WC949-040545-00

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APIRL 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: Buddy Trahan v. BP, PLC; et al.; 270th Judicial District, Harris County, Texas, Case No. 2010-52092 | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |

*****

### **COMPLAINT OF INTERVENTION**

The Petition of Intervention of Liberty Mutual Insurance Company, a foreign corporation

authorized to do and doing business in the State of Louisiana, with respect represents that:

1.

Exhibit B.3

Intervenor is engaged in the business of writing workers' compensation insurance among other types of insurance underwriting. Intervenor in the regular course of its business issued a policy of workers' compensation insurance in favor of Liberty Mutual Insurance Company, covering its liability to its employees for workers' compensation under the provisions of the applicable Workers' Compensation Act; said policy was in full force and effect and covered Trans Ocean, Inc., as an employer engaged in a business or occupation on or about April 20, 2010, when an accident occurred which resulted in injury to Buddy Trahan, who at the time of the accident was an employee of Trans Ocean, Inc.

2.

Intervenor alleges that the accident and resulting injury to plaintiff, intervenor, as the workers' compensation carrier for Trans Ocean, Inc., has paid to date benefits to the applicable workers' compensation act to date as follows:

Medical expenses: $211,420.12.

3.

Intervenor may be required to pay further benefits in which the exact amount of which cannot be determined at this time.

4.

Intervenor avers that in accordance with the applicable state's workers' compensation act it is entitled to be reimbursed by priority out of the proceeds of any judgment which may be rendered in this proceeding in favor of the plaintiff and against the defendants, BP, Plc, BP America, Inc., BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP Exploration & Production, Inc., BP America Production Company, Halliburton Energy Services, Inc., Cameron International Corporation, Sperry-Sun

Drilling Services, Inc., M-I L.L.C., Weatherford International, Ltd., Anadarko Petroleum Corporation, and Drill-Quip, and other parties yet named for such workers' compensation benefits as may have been actually paid by intervenor to and on behalf of plaintiff Buddy Trahan as a result of his intervening injury with legal interest on the aggregate amount of compensation and monthly payments so made by intervenor and reasonable attorney's fees to be fixed by this Honorable Court.

5.

Intervenor further avers that it is entitled to judgment or settlement recognizing and confirming intervenor's right to offset any future payments above-mentioned that may be otherwise legally due it to plaintiff, Buddy Trahan, and against the portion of such judgment or settlement that may be entered in favor of plaintiff, Buddy Trahan, as is in excess of the said workers' compensation benefits and payments by intervenor plus all costs and reasonable attorney's fees.

6.

Alternatively, intervenor has made payments to and/or on behalf of Buddy Trahan, that were not due and/or were paid in error, unless subsequent information reveals that inaccurate information was provided to itervenor, in which case intervenor is entitled to repayment on the basis of payments of a thing not due.  The filing of this Intervention will not delay discovery proceedings or trial in the above-captioned MDL matter.

WHEREFORE, intervenor, Liberty Mutual Insurance Company, prays for leave of Court to file this intervention of right; that a copy of same be served upon plaintiff, Buddy Trahan, through his counsel of record and defendants, BP, Plc, BP America, Inc., BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP

Exploration & Production, Inc., BP America Production Company, Halliburton Energy Services, Inc., Cameron International Corporation, Sperry-Sun Drilling Services, Inc., M-I L.L.C., Weatherford International, Ltd., Anadarko Petroleum Corporation, and Drill-Quip, and they each be duly cited to appear and answer this petition, and that after due proceedings there be judgment or settlement in favor of intervenor, Liberty Mutual Insurance Company, and against defendants, BP, Plc, BP America, Inc., BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP Exploration & Production, Inc., BP America Production Company, Halliburton Energy Services, Inc., Cameron International Corporation, Sperry-Sun Drilling Services, Inc., M-I L.L.C., Weatherford International, Ltd., Anadarko Petroleum Corporation, and Drill-Quip, in the full sum of $211,420.12, plus any further workers' compensation and additional medical expenses that may be paid by intervenor to and for the account of plaintiff, Buddy Trahan, to date of final judgment or settlement herein; together with legal interest thereon, all costs and reasonable attorney's fees to be fixed by this Honorable Court.

Intervenor further prays for judgment recognizing and confirming intervenor's right to offset any further disability payments and medical expenses that may be otherwise due to plaintiff, Buddy Trahan, against that portion of any judgment or settlement that may be rendered in favor of plaintiff, Buddy Trahan, as is in excess of the workers' compensation benefits actually paid by intervenor, for all costs and reasonable attorneys' fees.

Respectfully submitted:

BY:__/s/Dan Boudreaux_____
DAN BOUDREAUX, #18058
LAW OFFICES OF KEITH S. GIARDINA
9100 Bluebonnet Centre Boulevard
Suite 300
Baton Rouge, LA 70809
Tel: (225) 293-7272
Fax: (225) 291-3308
Dan.Boudreaux@Libertymutual.com
Attorney for Intervenor, Liberty Mutual
Insurance Company

WC949-040545-00

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG<br>     "DEEPWATER HORIZON" in the<br>     GULF OF MEXICO, on<br>     APIRL 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO:<br>Buddy Trahan v. BP, PLC; et al.; 270th Judicial<br>District, Harris County, Texas,<br>Case No. 2010-52092 | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |

*****

## **CERTIFICATE OF SERVICE**

I certify the foregoing has been served on all designated lead counsel of record by electronic means through the CMS system, this 17th day of February, 2011.


    __/s/Dan Boudreaux_____
    DAN BOUDREAUX