**Case No. 13-20717**
## IN THE UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

---

**BUDDY TRAHAN,**
**Plaintiff - Appellant**

v.

**LIBERTY MUTUAL INSURANCE COMPANY,**
**Defendant - Appellee**

---

**On appeal from the United States District Court for the**
**Southern District of Texas, Houston Division**
**USDC No. 4:13-cv-02927**

---

**BRIEF OF APPELLEE**

---

David L. Plaut
State Bar No. 16066030
Jeffrey C. Glass
State Bar No. 08004000
HANNA & PLAUT, L.L.P.
211 E. Seventh Street, Suite 600
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile:  (512) 472-0205

COUNSEL FOR APPELLEE
LIBERTY MUTUAL INSURANCE
COMPANY

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record certifies the following listed persons or entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that Judges of this Court may evaluate possible disqualification or recusal.

| *Plaintiff-Appellant:* | *Attorneys:* |
|---|---|
| Buddy Trahan<br>(An individual) | Lance H. Lubel<br>Adam Q. Voyles<br>Lubel Voyles, LLP<br>5020 Montrose Blvd., Suite 800<br>Houston, Texas 77006<br>Telephone:  (713) 284-5200<br>Facsimile:   (713) 284-5250 |
| *Defendant-Appellee:* | *Attorneys:* |
| Liberty Mutual Insurance Co.<br>(A member of the Liberty Mutual<br>Group of Insurance Companies) | David L. Plaut<br>Jeffrey C. Glass<br>Hanna & Plaut, L.L.P.<br>Southwest Tower<br>211 E. Seventh Street, Suite 600<br>Austin, Texas 78701<br>Telephone:  (512) 472-7700<br>Facsimile:   (512) 472-0205 |

## **STATEMENT REGARDING ORAL ARGUMENT**

The dispositive issues in this appeal are based on settled law and require no oral argument before the Court.

# **TABLE OF CONTENTS**

**Page**

CERTIFICATE OF INTERESTED PERSONS ...................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ........................................... iii

TABLE OF CONTENTS ...................................................................................... iv

TABLE OF AUTHORITIES .................................................................................. vi

JURISDICTIONAL STATEMENT ..................................................................... xiii

STATEMENT OF THE ISSUES .......................................................................... xii

STATEMENT OF THE CASE ................................................................................1

STATEMENT OF THE FACTS ..............................................................................3

ARGUMENT ...........................................................................................................3

I.   Trahan waived appellate review of the district court's dismissal of his
     suit for lack of jurisdiction...........................................................................3

II.  The district court correctly dismissed Trahan's suit for lack of
     jurisdiction based on his failure to exhaust administrative remedies..............5

     A.   The district court had discretion to consider subject matter
          jurisdiction before ruling on the motion to remand. .............................5

     B.   The district court correctly held Trahan failed to exhaust
          mandatory administrative remedies before the Division,
          depriving the court of jurisdiction over this suit. .................................8

          1.   The Division has exclusive jurisdiction over Trahan's
               declaratory judgment and bad faith claims....................................8

2.	The Act provides mandatory administrative remedies to resolve Trahan's claims. ................................................................14

3.	The district court correctly dismissed Trahan's suit because he failed to exhaust the mandatory administrative remedies available for resolution of his claims..........................................16

III.	The district court correctly found Trahan's suit was removable...................17

A.	Remand was improper because no Texas court has subject matter jurisdiction over Trahan's declaratory claims, which are subject to the Division's exclusive jurisdiction. ...............................................18

B.	A suit seeking a declaratory judgment that a carrier has waived subrogation does not arise under the workers' compensation laws. .................................................................................................18

1.	Trahan's declaratory judgment action, as pled, does not arise under the TWCA. ........................................................................20

2.	Trahan cannot rely on anticipation of Liberty's defensive pleadings to show his suit, as plead, arises under the TWCA.....23

3.	The coercive claim rule for question jurisdiction has never been applied to section 1445(c) remand cases and should not be applied here................................................................................25

CONCLUSION .................................................................................................32

CERTIFICATE OF SERVICE .............................................................................33

CERTIFICATE OF COMPLIANCE WITH RULE 32(A) ..................................34

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                    **Page**

*American Motorists Insurance Co. v. Fodge*,
  63 S.W.3d 801 (Tex. 2001)................................................................9, 23

*American Well Works Co. v. Layne & Bowler Co.*,
  241 U.S. 257................................................................... 20, 29

*Aranda v. Insurance Co. of North America*,
  748 S.W.2d 210 (Tex. 1988)...............................................................10

*Blue Cross Blue Shield of Texas, Inc. v. Duenez*,
  201 S.W.3d 674 (Tex. 2006)...............................................................13

*Bridges v. Social Security Administration*,
  251 Fed. Appx. 927 (5th Cir. 2007).......................................................4

*Capitol Aggregates, Inc. v. Great American Insurance Co.*,
  408 S.W.2d 922 (Tex. 1966)....................................................... 11, 12

*Carey v. Bank of America*,
  904 F.Supp.2d 617 (N.D. Tex. 2012)...................................................31

*Caterpillar, Inc. v. Williams*,
  482 U.S. 386 (1987) ..................................................................... 21, 24

*Cigna Insurance Co. v. Killion*,
  50 S.W.3d 17 (Tex. App.–Amarillo 2001, pet. denied)........................10

*City of Paris v. Abbott*,
  360 S.W.3d 567 (Tex. App.–Texarkana 2011, pet. denied) ................13

*Climer v. Twin City Fire Insurance Co.*,
  2004 WL 1531796...............................................................................20

*Continental Casualty Insurance Co. v. Functional Restoration Associates*,
  19 S.W.3d 393 (Tex. 2000)..................................................................14

*Couram v. Davis*,
   2012 WL 2428581 (D.S.C. 2012)........................................................24

*Cunningham Lindsey Claims Management, Inc. v. Snyder,*
   291 S.W.3d 472 (Tex. App.–Houston [14th Dist.] 2009, pet. filed) ...................10

*Edwards v. City of Tomball*,
   343 S.W.3d 213(Tex. App.–Houston [14th Dist.] 2011, .....................................13

*Escobedo v. Time Warner Entertainment Advance Newhouse Partnership,*
   811 F. Supp. 2d 1289 (W.D. Tex. 2011)................................................31

*Fort Worth Lloyds v. Haygood,*
   246 S.W.2d 865 (Tex. 1952)..............................................................11

*Franchise Tax Board v. Construction Laborers Vacation Trust*,
   463 U.S. 1 (1983) ...................................................... 21, 28, 29

*Gunn v. Minton*,
   – U.S. –, 133 S. Ct. 1059 (2013)......................................... 19, 29

*Harper v. AutoAllianceInternatioal, Inc.*,
   392 F.3d 195 (6th Cir. 2004)................................................ 21, 22

*Henry v. Dillard Department Stores, Inc.*,
   21 S.W.3d 414(Tex. App.–San Antonio, 2000) (*rev'd other grounds*,
   70 S.W.3D 808 (Tex. 2002) ..............................................................10

*Henry v. Dillard Department Stores, Inc.*
   70 S.W.3d 808 (Tex. 2002) ..............................................................10

*Hernandez v. Gregory Land Development II, LLC,*
   2009 WL 3334322 (S.D. Fla. 2009)....................................................24

*Holmes v. Zurich Am. Insurance Co.*,
   2014 WL 231038 (Tex. App.–Dallas Jan. 22, 2014, no. pet. h.)...........................9

*Home Indemnity Co. v. Pate*,
   814 S.W.2d 497 (Tex. App.–Houston [1st Dist.] 1991, writ denied)...................12

*Hopper v. Argonaut Insurance Co.*,
   2013 WL 5853747 (Tex. App.–Austin Oct. 18, 2013, no pet.)...........................10

*In re Entergy Corp.,*
  142 S.W.3d 316 (Tex. 2004)......................................................................9

*In re Liberty Insurance Corp.*,
  321 S.W.3d 637 (Tex. App.–Houston [14th Dist.] 2010, orig. proceeding) ........16

*In re Liberty Mutual Fire Insurance Co.,*
  295 S.W.3d 327 (Tex. 2009)......................................................................9

*In re LimitNone, LLC*,
  551 F3d 572 (7th Cir. 2008).......................................................................7

*In re Mid-Century Insurance Co. of Texas,*
  2012 WL 4717884 (Tex. App.–Houston [1st Dist.] 2012 ....................................10

*In re Southwestern Bell Telephone.,*
  235 S.W.3d 619 (Tex. 2007).....................................................................13

*In re Texas Mutual Insurance Co.*,
  321 S.W.3d 655 (Tex. App.–Houston [14th Dist.] 2010, no pet.)
  (orig. proceeding).....................................................................................10

*Jackson v. Wal-Mart Stores Texas, LLC,*
  925 F.Supp.2d 810 (N.D. Tex. 2013).......................................................30

*Johnson v. City of Houston*,
  2013 WL 789075 (S.D. Tex. 2013) ...........................................................31

*Jones v. Roadway Express, Inc.*,
  931 F.2d 1086 (5th Cir. 1991)........................................................... 18, 19

*Leonard v. Juge,*
  72 Fed. Appx. 129, 130 (5th Cir. 2003) ....................................................4

*Leroy v. Great W. United Corp.*,
  443 U.S. 173 (1979) ..................................................................................7

*Lewis v. Reagan*,
  660 F.2d 124 (5th Cir. 1981)....................................................................12

*Liberty Insurance Corp. v. Camero,*
  360 S.W.3d 620 (Tex. App.–Dallas 2011, no pet.).....................................10

*Liberty Insurance Corp. v. SM Energy*,
   2012 WL 6100303 (S.D. Tex. 2012) ....................................................................30

*Macias v. Schwedler*,
   135 S.W.3d 826 (Tex. App.–Hous. [1st Dist.] 2004, pet. denied)........................10

*Marathon Oil Co. v. Ruhrgas*,
   145 F.3d 211 (5th Cir. 1998)..................................................................................6

*National Bank of Commerce of San Antonio v. Marshall*,
   628 F.2d 474 (5th Cir. 1980)................................................................................17

*New Orleans & Gulf Coast Ry. Co. v. Barrois*,
   533 F.3d 321 (5th Cir. 2008)............................................................ 21, 23, 26, 27

*Patin v. Allied Signal, Inc.*,
   77 F.3d 782 (5th Cir. 1996)........................................... 17, 19, 22, 23, 31

*Piatti v. Bank of America, N.A.*,
   2009 WL 383376 (N.D. Ga. 2009) ......................................................................24

*Pickett v. Texas Mutual Insurance Co.*,
   239 S.W.3d 826 (Tex. App.–Austin 2007, no pet.) .............................................10

*Public Service Commission of Utah v. Wycoff Company, Inc.*,
   344 U.S. 237 (1952) .............................................................................................12

*Rhodes v. United States*,
   574 F.2d 1179 (5th Cir. 1978)................................................. 12, 13, 16

*Ruhrgas AG v. Marathon Oil Co.*,
   526 U.S. 574 (1999) ................................................................... 5, 6, 7

*Schwartz v. Insurance Co. of the State of Pennsylvania*,
   274 S.W.3d 270 (Tex. App.–Hous. [1st Dist.] 2008, rev. denied) ......................10

*Sherrod v. American Airlines, Inc.*,
   132 F.3d 1112 (5th Cir. 1998)..............................................................................31

*Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*,
   549 U.S. 422 (2007) ..........................................................................................5, 7

*Steel Co. v. Citizens for Better Environment*,
  523 U.S. 83 (1998) .....................................................................5

*Subaru of America, Inc. v. David McDavid Nissan, Inc.*,
  84 S.W.3d 212 (Tex. 2002) .........................................................8

*Swindle v. Livingston Parish School Board*,
  655 F.3d 386 (5th Cir. 2011) ......................................................4

*Texas Association of Business v. Texas Air Control Board*,
  852 S.W.2d 440 (Tex. 1993) .....................................................16

*Texas Department of Public Safety v. Salazar*,
  2013 WL 5878905 (Tex. App.–Austin 2013, no pet.) ...............13

*Texas Mutual Insurance Co. v. Texas Department of Insurance*,
  214 S.W.3d 613 (Tex. App.–Austin 2006, no pet.) ..................10

*Texas Mutual Insurance Co. v. Ruttiger*,
  381 S.W.3d 430 (Tex. 2012) .......................................... 2, 10, 14

*Thomas v. American Home Assurance Co.*,
  403 S.W.3d 512 (Tex. App.–Dallas 2013, no pet.) .....................9

*Travelers Indemnity Co. v. Atlantic Express Line*,
  837 F.2d 187 (5th Cir. 1998) ......................................................4

*Watson v. Glens Falls Insurance Co.*,
  505 S.W.2d 793 (Tex. 1974) .....................................................12

**Statutes**

28 Texas Administrative Code § 141.1(b) ....................................15

28 Texas Administrative Code § 141.5 ........................................15

28 Texas Administrative Code § 142.13 ......................................15

28 Texas Administrative Code § 142.2 ........................................15

28 Texas Administrative Code § 142.6 ........................................15

28 Texas Administrative Code § 143.3 ........................................15

9 U.S.C. § 205 ................................................................................................6

28 U.S.C. § 1291 ......................................................................................... xiii

28 U.S.C. § 1331 .................................................... 19, 22, 25, 26, 29

28 U.S.C. § 1332(a)(1) ............................................................................... xiii

28 U.S.C. § 1445(c) .................................... xiii, 17-20, 22, 25-27, 29, 31

28 U.S.C. § 1447(c) ........................................................................................2

Texas Civil Practices and Remedies Code § 37.001 ...............................23

Texas Insurance Code § 541.060 ...............................................................10

Texas Insurance Code § 541.061 ...............................................................10

Texas Insurance Code § 542.003 ...............................................................10

Texas Labor Code § 408.001(a).................................................................31

Texas Labor Code § 408.001(b) ................................................................31

Texas Labor Code § 410.002 .....................................................................14

Texas Labor Code § 410.021 .....................................................................15

Texas Labor Code § 410.023 .....................................................................15

Texas Labor Code § 410.151 .....................................................................15

Texas Labor Code § 410.163 .....................................................................15

Texas Labor Code § 410.164 .....................................................................15

Texas Labor Code § 410.165 .....................................................................15

Texas Labor Code § 410.168 .....................................................................15

Texas Labor Code § 410.202 .....................................................................15

Texas Labor Code § 410.251 .....................................................................15

Texas Labor Code § 410.252 .....................................................................15

Texas Labor Code § 417.001 ................................................................ 11, 15, 25, 30

Texas Labor Code § 417.002 ......................................................................... 11, 15

Texas Labor Code § 441.001 ..................................................................................30

**Rules**

Fed. R. App. P. 28(a)(9)(A) ......................................................................................4

Fed. R. App. P. 32(a)(5)............................................................................................34

Fed. R. App. P. 32(a)(6)............................................................................................34

Fed. R. App. P. 32(a)(7)(B) ......................................................................................34

**Other Authorities**

Charles Alan Wright, The Law of Federal Courts (4th Ed. 1983) ..........................13

16 Charles Alan Wright, Federal Practice and Procedure ........................................4

## JURISDICTIONAL STATEMENT

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). However, the district court correctly dismissed the suit for lack of jurisdiction based on the exclusive jurisdiction of the Texas Department of Insurance, Division of Workers' Compensation (the "Division") and Trahan's failure to exhaust applicable administrative remedies for his claims.

## STATEMENT OF THE ISSUES

Trahan's argument limits the appeal to the propriety of removal, but the dispositive issue is one of jurisdiction. The issues, restated, are as follows:

I.   Did Trahan waive appellate review of the district court's dismissal of the suit for failure to exhaust administrative remedies?

II.  Did the district court correctly dismiss the suit for lack of jurisdiction because Trahan failed to exhaust administrative remedies before the Division?

III. Did the district court correctly rule that Trahan's claims do not "arise under" the Texas Workers' Compensation Act (the "TWCA") and were therefore removable despite 28 U.S.C. § 1445(c)?

## STATEMENT OF THE CASE

Because Trahan's brief does not provide a concise statement of the case conforming to Rule 28(a)(6), Liberty includes the statement here.

On April 20, 2010, Trahan was injured while on the job for his employer, Transocean Offshore Deepwater Drilling, Inc. ("Transocean"). Plaintiff's Original Petition ("Petition") at ¶ (ROA.15). As the workers' compensation insurer for Transocean and related entities at the time of the accident, Liberty paid Trahan workers' compensation benefits of at least $256,986.46. Petition at ¶ 6 (ROA.15). Liberty continues to pay benefits to Trahan. *Id.* In August 2010, Trahan sued several defendants for damages resulting from his on-the-job injury. Petition at ¶ 7 (ROA.15). In 2013, he settled these third-party claims for an amount greatly exceeding the workers' compensation benefits he received from Liberty. Petition at ¶ 8 (ROA.15-16). Liberty therefore asserted it had a lien on Trahan's settlement to the extent of Liberty's payment of benefits and that Trahan had no right to further workers' compensation benefits. *Id.*

On July 17, 2013, Trahan filed this action in state court seeking a declaration that Liberty had no right to reimbursement from his settlement and alleging that Liberty's assertion of its lien breached the common law duty of good faith and fair

dealing and violated Texas Insurance Code.[1]  Petition at ¶¶ 9-11 (ROA.16).  On

October 3, 2013, Liberty removed the action to the Southern District of Texas.

Notice of Removal Action (ROA.4).  On October 15, 2013, Liberty filed a motion

to dismiss Trahan's claims for lack of subject matter jurisdiction based on the

exclusive jurisdiction of the Division and Trahan's failure to exhaust

administrative remedies.  Defendant's Rule 12(b)(1) Motion to Dismiss (ROA.52).

On October 25, 2013, the district court granted Liberty's Motion to Dismiss and

dismissed the suit for lack of subject matter jurisdiction.  Final Dismissal at 1

(ROA.85).

　　　On November 1, 2013, however, Trahan filed a motion for reconsideration

asking the district court to reopen the case to consider a motion to remand.

Plaintiff Buddy Trahan's Motion for Reconsideration of Final Dismissal

(ROA.86).  Trahan formally filed a motion to remand on November 4, 2013, two

days after the statutory deadline of November 2, 2013.  Plaintiff Buddy Trahan's

Motion to Remand ("Motion to Remand") (ROA.104).  *See* 28 U.S.C. § 1447(c).

On November 5, 2013, the district court reopened the case and ordered Liberty to

respond to the Motion to Remand.  Order Reopening Case at 1 (ROA. 120).

Liberty filed its response on November 14, 2013.  Defendant Liberty Mutual

---

[1] In asserting these "bad faith" claims, Trahan ignored the Texas Supreme Court's decision in *Texas Mutual Insurance Company v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012), which held that a workers' compensation claimant has no common law cause of action for breach of the duty of good faith and fair dealing, nor any statutory claim under the Texas Insurance Code or DTPA for unfair settlement practices.  *Id*. at 445-46.

Insurance Company's Response to Plaintiff's Motion to Remand (ROA. 121). On November 18, 2013, Trahan filed a reply. Plaintiff Buddy Trahan's Reply to Defendant's Response to Motion to Remand (ROA.132). On November 21, 2013, Liberty filed a surreply to the Motion to Remand. Defendant's Surreply to Plaintiff's Reply to Defendant's Response to the Motion to Remand (ROA. 140). On November 20, 2013, the district court denied the Motion to Remand. Order Denying Remand (ROA.147). On the same day, the Court entered a Final Dismissal of the action. (ROA.148). This appeal followed. (ROA.149).

## STATEMENT OF THE FACTS

The above Statement of the Case, together with Trahan's Statement of the Case adequately covers the factual background relevant to the issues presented for review.

## ARGUMENT

Because Trahan's opening brief omitted one of the issues dispositive of this appeal, the outline for Liberty's argument does not follow that of Trahan's brief. Points I and II of this brief were not discussed in Trahan's brief. Point III below responds to all arguments in Trahan's brief.

**I.    Trahan waived appellate review of the district court's dismissal of his suit for lack of jurisdiction.**

Trahan did not appeal the district court's dismissal of his suit for failure to exhaust administrative remedies. By failing to appeal that ruling, Trahan waived

appellate review of the district court's decision. *See Bridges v. Social Sec. Admin.*, 251 Fed. Appx. 927, 928 (5th Cir. 2007) (appellant waived review of district court's dismissal of his suit for lack of jurisdiction for failing to raise the issue in appellant's brief); *Leonard v. Juge*, 72 Fed. Appx. 129, 130 (5th Cir. 2003) (appellant's waived appeal of magistrate judge's decision not to exercise supplemental jurisdiction over their state law claim because they failed to brief the issue); *Travelers Indem. Co. v. Atlantic Exp. Line*, 837 F.2d 187, 188 (5th Cir. 1998) (appellant waived challenge to due process prong of court's exercise of personal jurisdiction over appellant because issue was not raised in its brief on appeal).

The Federal Rules of Appellate Procedure require an appellant to present his "contentions and reasons for them, with citations to authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). Under that rule, an appellant waives review of all his claims it fails to brief and argue on appeal. *Swindle v. Livingston Parish Sch. Bd.*, 655 F.3d 386, 392 (5th Cir. 2011); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure § 3974.1, n. 35. Trahan has waived appellate review of the district court's dismissal of his suit for failure to exhaust administrative remedies. Liberty nevertheless shows below the district court's dismissal was correct.

**II.    The district court correctly dismissed Trahan's suit for lack of jurisdiction based on his failure to exhaust administrative remedies.**

    **A.    The district court had discretion to consider subject matter jurisdiction before ruling on the motion to remand.**

Under definitive Supreme Court and Fifth Circuit precedent, the district court had discretion to rule on the issue of subject matter jurisdiction raised in Liberty's Rule 12(b)(1) Motion to Dismiss before ruling on the propriety of removal raised by Trahan's Motion to Remand.  In fact, Trahan had not filed his Motion to Remand when the district court dismissed the suit.

The U.S. Supreme Court has held that in removed cases, as in cases originating in federal court, there is no "unyielding jurisdictional hierarchy" requiring a district court to rule on one jurisdictional issue before ruling on another or before ruling a non-jurisdictional issue.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999).  That is, "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'"  *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007) (citing *Ruhrgas*, 526 U.S. at 585).  Such sequencing does not violate the rule that the courts must determine jurisdiction before proceeding to the merits of the case.  *Ruhrgas*, 526 U.S. at 584-85; *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93, 118 (1998).

Thus, in *Ruhrgas*, the Supreme Court held that a district court had discretion to dismiss the case for lack of personal jurisdiction before ruling on a motion to remand for lack of subject matter jurisdiction, particularly where the subject matter jurisdiction issue presented a difficult and novel question. *Ruhrgas*, 526 U.S. at 587-88. In that case, Ruhrgas, the German defendant in a state court suit involving a dispute over international oilfield agreements, removed the suit, asserting jurisdiction based on diversity of citizenship, the existence of a federal question, and 9 U.S.C. § 205 (authorizing removal of cases relating to international arbitration agreements). 526 U.S. at 580. *Ruhrgas* moved to dismiss the complaint for lack of personal jurisdiction. *Id.* The plaintiff, Marathon, however, moved to remand the case to state court for lack of federal subject-matter jurisdiction. *Id.* Before considering the propriety of removal based on subject matter jurisdiction, the district court granted Ruhrgas' motion to dismiss for lack of personal jurisdiction concluding Ruhrgas' contacts with Texas were insufficient to support personal jurisdiction. *Id.* The en banc Fifth Circuit, however, vacated and remanded, holding that in removed cases district courts must decide issues of subject-matter jurisdiction first, reaching issues of personal jurisdiction only if subject-matter jurisdiction is found to exist. *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 214 (5th Cir. 1998). The Supreme Court reversed, holding that in removed cases, as in cases originating in federal court, there is no mandatory

"sequencing of jurisdictional issues" and thus district courts may decide cases based on personal jurisdiction without ruling on the propriety of removal.  526 U.S. at 584.

Similarly, in *Sinochem*, although the district court questioned whether it had personal jurisdiction over the defendant, a Chinese state-owned importer, it dismissed the case on *forum non conveniens* grounds, holding the case could be more adequately and conveniently adjudicated abroad.  *Id.*, 549 U.S. at 428.  The Supreme Court upheld the dismissal, in part because it was unnecessary to address the challenging jurisdictional issue when the court would inevitably dismiss the case based on *forum non conveniens*.  *Id.* at 435.  The Supreme Court has also approved addressing venue before personal jurisdiction, *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180, 99 (1979), and the Seventh Circuit has upheld the discretion of the district court to transfer venue without first determining subject matter jurisdiction.  *In re LimitNone, LLC*, 551 F3d 572, 576 (7th Cir. 2008).

Here, the district court granted Liberty's 12(b)(1) Motion to Dismiss for lack of jurisdiction as a result of Trahan's failure to exhaust administrative remedies.  Final Dismissal at 1 (ROA.85).  At that time, Trahan had not filed a motion to remand.  The court then reopened the case (ROA.120) to allow Trahan to file a motion to remand (ROA.140) that was subsequently denied.  (ROA.147).  Trahan indirectly complains in his brief about certain procedural aspects of the district

court's rulings, but raises no issue concerning the order of the district court's rulings and he has not appealed the dismissal itself. Under *Ruhrgas* and *Sinochem*, the district court acted within its discretion when it dismissed for lack of jurisdiction before considering remand issues. Trahan has failed to appeal the dismissal for lack of jurisdiction and has therefore waived appellate review of that issue. In the alternative, the district court was correct in its jurisdictional ruling. Either way, this Court can and should affirm the judgment based on the dismissal for lack of jurisdiction.

**B.    The district court correctly held Trahan failed to exhaust mandatory administrative remedies before the Division, depriving the court of jurisdiction over this suit.**

The Texas Supreme Court has held the Division has exclusive jurisdiction over disputes relating to entitlement to workers' compensation benefits. It is undisputed that Trahan has not exhausted administrative remedies before the Division. Thus, the district court correctly dismissed for lack of jurisdiction in light of the exclusive jurisdiction of the Division.

**1.    The Division has exclusive jurisdiction over Trahan's declaratory judgment and bad faith claims.**

Under Texas law, "[a]n agency has exclusive jurisdiction 'when a pervasive regulatory scheme indicates that [the Legislature] intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed.'" *Subaru of America, Inc. v. David McDavid Nissan, Inc.,*

84 S.W.3d 212, 221 (Tex. 2002). Until a party has exhausted all administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction. *In re Entergy Corp.,* 142 S.W.3d 316, 321-22 (Tex. 2004).

Under those principles, the Texas Supreme Court holds that the Texas Workers' Compensation Act (the "TWCA") vests the power to award workers' compensation benefits exclusively in the Division. *In re Liberty Mut. Fire Ins. Co.,* 295 S.W.3d 327, 328 (Tex. 2009) (granting mandamus for denial of carrier's plea to the jurisdiction for failure to exhaust administrative remedies) (citing *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001)). Until the claimant exhausts all administrative remedies provided by the TWCA, the Division's exclusive jurisdiction over workers' compensation benefits disputes deprives Texas trial courts of jurisdiction over any claim premised on entitlement to such benefits, including extra-contractual or "bad-faith" claims like those pursued by Trahan in this case. *Fodge* 63 S.W.3d at 804. A consistent line of recent Texas cases holds that in the absence of administrative exhaustion, trial courts have no jurisdiction over any claims, including "bad faith" claims, that relate to a delay or denial of workers' compensation benefits.[2] Thus, there is no

---

[2] *See, e.g., Holmes v. Zurich Am. Ins. Co.*, 05-11-01579-CV, 2014 WL 231038, slip op. at *5 (Tex. App.–Dallas Jan. 22, 2014, n.p.h.) (because the Division did not determine whether carrier was required to pay for worker's surgery, worker failed to exhaust administrative remedies before bringing this suit, depriving court of jurisdiction); *Thomas v. Am. Home Assur. Co.*, 403

dispute under Texas law that "bad faith" claims like Trahan's cannot proceed in any court until he has exhausted administrative procedures to resolve the question of entitlement to workers' compensation benefits.[3]

---

S.W.3d 512, 521-23 (Tex. App.–Dallas 2013, no pet.) (court lacked jurisdiction over worker's common law and statutory "bad faith" and fraud claims because worker failed to exhaust administrative remedies with respect to dispute regarding compensability for work-related knee injury); *Liberty Ins. Corp. v. Camero*, 360 S.W.3d 620, 622-23 (Tex. App.–Dallas 2011, no pet.). (TWCA gave the Division exclusive jurisdiction over income and medical benefit disputes and claimant was required to exhaust all administrative remedies before filing any "bad faith" suit); *In re Texas Mut. Ins. Co.*, 321 S.W.3d 655, 660 (Tex. App.–Houston [14th Dist.] 2010, no pet.) (orig. proceeding) (under *Fodge*, trial courts have no jurisdiction to award relief that is dependent upon the direct or indirect adjudication of a matter within the Division's exclusive jurisdiction); *Cunningham Lindsey Claims Mgmt., Inc. v. Snyder*, 291 S.W.3d 472, 477 (Tex. App.–Houston [14th Dist.] 2009, pet. filed) (same); *Schwartz v. Insurance Co. of the State of Pennsylvania*, 274 S.W.3d 270, 275 (Tex. App.–Houston [1st Dist.] 2008, rev. denied); *Pickett v. Tex. Mut. Ins. Co.*, 239 S.W.3d 826, 836 (Tex. App.–Austin 2007, no pet.); *Texas Mut. Ins. Co. v. Texas Dept. of Ins., Div. of Work. Comp.*, 214 S.W.3d 613, 619 (Tex. App.–Austin 2006, no pet.) (holding the Division has exclusive jurisdiction over pending claims "whose resolution requires a determination of a claimant's entitlement to workers' compensation benefits."); *Macias v. Schwedler*, 135 S.W.3d 826, 830 (Tex. App.–Houston [1st Dist.] 2004, pet. denied); *Cigna Insurance Co. v. Killion*, 50 S.W.3d 17, 21 (Tex. App.–Amarillo 2001, pet. denied); *Henry v. Dillard Department Stores, Inc.*, 21 S.W.3d 414, 418 n. 5 (Tex. App.–San Antonio, 2000), *rev'd other grounds*, 70 S.W.3d 808 (Tex. 2002). *See also In re Mid-Century Ins. Co. of Texas*, 01-12-00446-CV, 2012 WL 4717884, slip op. at *5-6 (Tex. App.–Houston [1st Dist.] Oct. 4, 2012, no pet.) (court lacked jurisdiction and Division had exclusive jurisdiction to resolve dispute between workers' compensation insurer and hospital seeking additional reimbursement for services provided to injured worker).

[3] As a matter of substance, moreover, Trahan's common law and statutory claims for "bad faith" are invalid under Texas law. *Texas Mutual Insurance Co. v. Ruttiger*, 381 S.W.3d 430, 444 (Tex. 2012). *Ruttiger* held, as a matter of law, that the following causes of action are no longer viable in employee suits against workers' compensation insurers: (1) the common law duty of good faith and fair dealing under *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210 (Tex. 1988) (*Ruttiger*, 381 S.W.3d at 451); (2) unfair settlement practices under Insurance Code section 541.060 (*Id.* at 444): (3) unfair claim settlement practices under section 542.003 of the Insurance Code (*Id.* at 445); (4) misrepresentation claims under section 541.061 of the Insurance Code based on carrier statements that a claim is not covered (*Id.* at 446); and (5) derivative DTPA claims based on alleged violations of the Insurance Code (*Id.* at 446). *See also Hopper v. Argonaut Ins. Co.*, 2013 WL 5853747 (Tex. App.–Austin Oct. 18, 2013, no pet.) (because workers' claims were limited to complaints about delays, claim handling, and disputes regarding entitlement to benefits, *Ruttiger* precluded extra-statutory causes of action based on such claims).

---

The same is true of Trahan's declaratory claim that Liberty waived its right to subrogation and reimbursement from Trahan's third-party settlement.  Carrier subrogation and reimbursement rights are integral to the administration of the workers' compensation system and therefore subject to the Division's exclusive jurisdiction.   The right of subrogation for workers' compensation carriers originated nearly 100 years ago to prevent a worker from recovering "more than his damages" and to prevent workers' compensation insurance from being "more burdensome to the insurer and hence more expensive to the employer and ultimately the public." *Fort Worth Lloyds v. Haygood,* 246 S.W.2d 865, 868 (Tex. 1952).  Texas law has long held that permitting injured workers to retain double recoveries frustrates the purposes of the TWCA.  *Capitol Aggregates, Inc. v. Great American Ins. Co.,* 408 S.W.2d 922, 924 (Tex. 1966).   Sections 417.001 and 417.002 of the Texas Labor Code currently embody the statutory remedies available to workers' compensation carriers to enforce their reimbursement and subrogation rights.  Tex. Lab. Code §§ 417.001, 417.002.

The predecessor of these current statutory rights, Art. 8307, Sec. 6a, was "adopted to prevent overcompensation to the employee and to reduce the burden of insurance to the employer and to the public." *Id.*   "These purposes will not be accomplished if the employee is allowed to retain the proceeds of the settlement in

---

In addition to being within the Division's exclusive jurisdiction, Trahan's claims are substantively meritless.

addition to his compensation benefits while the carrier is only partially reimbursed for what it has paid." *Id.* For that reason, Section 6a authorized carriers to recover reimbursement directly from the employee's third-party settlement proceeds. *Capitol Aggregates*, 408 S.W.2d at 924. Thus, carriers are entitled to recover, from the employee's recovery in a third-party action, one hundred percent of benefits paid and the employee has no right to any of the recovery until the carrier receives payment in full. *See Watson v. Glens Falls Ins. Co.,* 505 S.W.2d 793, 795-96 (Tex. 1974). The third-party tortfeasor and the employee are jointly and severally liable to the carrier for its entire interest in the third-party claim. *Id.* Because this subrogation/reimbursement interest is of paramount importance to the Texas workers' compensation system, interference with these rights may subject a settling party to a cause of action for conversion. *Home Indem. Co. v. Pate*, 814 S.W.2d 497, 498-99 (Tex. App.–Houston [1st Dist.] 1991, writ denied).

The fact that Liberty's subrogation and reimbursement claims arise in the context of a declaratory judgment action does not affect the Division's exclusive jurisdiction. Declaratory judgment procedures may "not be used to preempt and prejudice issues that are committed for an initial decision to an administrative body." *Public Service Commission of Utah v. Wycoff Company, Inc.,* 344 U.S. 237, 246, 73 (1952*); Lewis v. Reagan*, 660 F.2d 124, 127 (5th Cir. 1981) (suit for injunction was improper prior to exhaustion of administrative remedies); *Rhodes v.*

*United States*, 574 F.2d 1179, 1181-82 (5th Cir. 1978) (district court had no jurisdiction to consider declaratory claim that interfered with administrative agency's exclusive jurisdiction); Charles Alan Wright, The Law of Federal Courts § 100 at 674 (4th Ed. 1983). Texas decisions agree that when an administrative agency has exclusive jurisdiction to handle issues arising under a regulatory scheme, Texas courts do not have subject matter jurisdiction to address those issues through declaratory procedures. See *In re Southwestern Bell Telephone.,* 235 S.W.3d 619, 624-25 (Tex. 2007); *Blue Cross Blue Shield of Tex., Inc. v. Duenez,* 201 S.W.3d 674, 676 (Tex. 2006) ("[a] party cannot circumvent an agency's exclusive jurisdiction by filing a declaratory judgment action if the subject matter of the action is one over which the Legislature intended the administrative agency to exercise exclusive jurisdiction."); *Texas Dept. of Public Safety v. Salazar,* 2013 WL 5878905, slip op. at *11 (Tex. App.–Austin 2013, no pet.) (district court did not have jurisdiction over declaratory judgment claims that were the same as the administrative claims); *City of Paris v. Abbott,* 360 S.W.3d 567, 577 (Tex. App.–Texarkana 2011, pet. denied) (where there was no exhaustion of administrative remedies "the trial court was without jurisdiction to address [a] request for declaratory judgment"); *Edwards v. City of Tomball*, 343 S.W.3d 213, 221 (Tex. App.–Houston [14th Dist.] 2011, pet. denied) (trial court lacked subject

matter jurisdiction over claim for declaratory relief where plaintiff failed to exhaust administrative process established by legislature).

Trahan's declaratory judgment claims, like his "bad faith" claims, relate to and are predicated on his entitlement to workers' compensation benefits: he alleges Liberty is obligated to continue to pay income and medical benefits despite Liberty's statutory rights to reimbursement for benefits paid and its right to a credit for future benefits. Petition at ¶10 (ROA.16). Trahan admits in his brief that "in all meaningful respects – except form – [the declaratory judgment] claim effectively is no different from a direct action against Liberty for additional workers' compensation benefits." Appellant's Brief at 13. Because, as shown below, the Act provides mandatory administrative procedures and remedies to resolve such claims, they are within the exclusive jurisdiction of the Division.

### 2. The Act provides mandatory administrative remedies to resolve Trahan's claims.

The Act sets out a mandatory process for Division resolution of disputes over medical and income benefits under the TWCA. Generally, disputes concerning a carrier's liability for benefits are resolved through the dispute resolution procedures of Chapter 410, entitled "Adjudication of Disputes." *Texas Mutual Insurance Co. v. Ruttiger*, 381 S.W.3d 430, 437 (Tex. 2012); *Continental Cas. Ins. Co. v. Functional Restor. Assoc.*, 19 S.W.3d 393, 396 (Tex. 2000) (citing Tex. Lab. Code § 410.002). Pursuant to Chapter 410, Liberty filed a form DWC-

45 seeking a benefits review conference ("BRC") before the Division to resolve Trahan's entitlement to benefits in light of the third-party settlement and the provisions of Section 417.002 of the Labor Code. *See* Tex. Lab. Code § 410.023; 28 Tex. Admin. Code § 141.1(b). The BRC is an informal mediation in which the parties discuss the issues and attempt to reach an agreement that resolves the dispute. Tex. Lab. Code § 410.021; 28 Tex. Admin. Code § 141.5. If the parties cannot resolve the issue, the dispute is then set for a contested case hearing ("CCH"). Tex. Lab. Code § 410.151; 28 Tex. Admin. Code § 142.6. The CCH is a formal hearing in which the parties present evidence and testimony in support of their positions on benefits entitlement. Tex. Lab. Code §§ 410.163-165; 28 Tex. Admin. Code § 142.2. A CCH results in a formal, appealable decision. Tex. Lab. Code § 410.168; 28 Tex. Admin. Code § 142.13. If a party is dissatisfied with the CCH decision, it may seek review before the Division's Appeals Panel. Tex. Lab. Code § 410.202; 28 Tex. Admin. Code § 143.3. Finally, a party who has exhausted its administrative remedies but is dissatisfied with the Appeals Panel decision may seek judicial review in state district court. Tex. Lab. Code §§ 410.251, 410.252.

Because Trahan's causes of action in this case depend on his claim for benefits, which is within the exclusive jurisdiction of the Division, he must show he has exhausted the administrative procedures outlined above before any court

can exercise jurisdiction over his claims. In Texas, the plaintiff bears the burden of pleading and proving facts showing exhaustion of administrative remedies in connection with his specific complaints. *Texas Ass'n of Business v. Texas Air Control Board,* 852 S.W.2d 440, 446 (Tex. 1993). Trahan, however, made no attempt to plead exhaustion of administrative remedies, or to comply with, much less exhaust, the administrative procedures outlined above. Trahan also failed to obtain any Division order requiring Liberty to pay any specific benefits, as required by the Act and cases construing it. See e.g., *In re Liberty Ins. Corp.*, 321 S.W.3d 637 (Tex. App.–Houston [14th Dist.] 2010, orig. proceeding) (holding claimant "was required to seek a DWC determination that she was entitled to specific benefits"). Under *Fodge* and its progeny, Trahan's failure to exhaust the available administrative remedies deprived the district court of jurisdiction over his suit and precluded it from entering orders that: declare Trahan entitled to continuing benefits; prohibit Liberty from taking a credit on future benefits; or prohibit Liberty's claims for reimbursement from settlement proceeds. Those issues are now properly before the Division.

**3.   The district court correctly dismissed Trahan's suit because he failed to exhaust the mandatory administrative remedies available for resolution of his claims.**

Generally, when a plaintiff files suit prematurely, the district court must dismiss that suit. *Rhodes v. United States*, 574 F.2d 1179, 1182 (5th Cir.1978);

*Nat'l Bank of Commerce of San Antonio v. Marshall*, 628 F.2d 474, 479 (5th Cir. 1980).  The district court correctly dismissed this action for lack of jurisdiction based on Trahan's failure to exhaust mandatory administrative remedies to resolve the benefits dispute to which his causes of action are related.

## III.    The district court correctly found Trahan's suit was removable.

In the event the Court decides to address removal, the following discussion shows the district court correctly denied Trahan's Motion to Remand.

As noted, Trahan's Petition in state court asserted two causes of action, one for a declaratory judgment that Liberty waived its rights to subrogation and reimbursement, and one for "bad faith," characterized as breach of the common law duty of good faith and fair dealing and violations of the Texas Insurance Code. Petition at ¶¶10-11 (ROA.16 ).  Trahan sought to remand the case under 28 U.S.C. § 1445(c), which prohibits removal of a "civil action in any State court arising under the workmens' compensation laws of such State."  28 U.S.C. § 1445(c). Trahan admits, as he must, that his "bad faith" claims do not arise under the TWCA and were therefore removable under *Patin v. Allied Signal, Inc.,* 77 F.3d 782, 786-787 (5th Cir. 1996). See Appellant's Brief at 8.  Trahan's cause of action for declaratory judgment was also removable because it did not "arise under" the TWCA.

**A.     Remand was improper because no Texas court has subject matter jurisdiction over Trahan's declaratory claims, which are subject to the Division's exclusive jurisdiction.**

The purpose of section 1445(c) is not to remand to state courts cases that have no business in any court; the purpose of section 1445(c) is to relieve federal courts from adjudicating claims that should be administered under state workers' compensation laws. *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991). That purpose was served by the district court's dismissal of Trahan's suit in favor of the administrative process at the Division. As discussed above and as the district court held, neither the district court nor any state trial court has jurisdiction over Trahan's suit until the Division exercises its exclusive jurisdiction and resolves the underlying, predicate dispute over benefits to which Trahan's declaratory judgment claim is related. In any case, Trahan's suit, as pled, did not "arise under" the TWCA for purposes of section 1445(c).

**B.     A suit seeking a declaratory judgment that a carrier has waived subrogation does not arise under the workers' compensation laws.**

In *Patin*, this Court addressed when an employee's claim against his employer's workers' compensation insurance carrier "arises under" the TWCA for purposes of section 1445(c). Although this Court noted that the "arising under" standard of section 1445(c) should be interpreted broadly, it also observed that Texas courts had held that "bad faith" claims arising out of mishandling of workers' compensation benefits arise under common law and not the TWCA.

*Patin*, 77 F.3d at 785.  This Court noted that section 1445(c) was intended both to encourage the use of expedient and less expensive administrative procedures for adjudicating claims of injured workers and to prevent the undue burden placed on the worker when an action is removed to federal court.  *Id.*  However, that underlying policy did not apply when the cause of action was independent of the administrative procedures applicable to a state workers' compensation claim.  *Id.* at 788.  Given these considerations, this Court concluded that "claims for breach of the duty of good faith and fair dealing do not 'arise under' the state workers' compensation statutes but are, at most, 'related to those statutes and thus do not come within the ambit of the non-removability provision of § 1445(c)."  *Id.* at 789.

More broadly, this Court's "arising under" test for section 1445(c) holds that "a suit arises under the law that creates the cause of action."  *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991).  In *Jones*, this Court held a retaliatory discharge suit arose under the TWCA for purposes of section 1445(c) because article 8307 of the TWCA created the cause of action.  *Id.*  This Court relied on the rule applicable to federal question jurisdiction under 28 U.S.C. § 1331 that "a suit arises under the law that creates the cause of action" and held there was no reason to apply a different rule to section 1445(c).  *Id.*  *See also Gunn v. Minton*, – U.S. –, 133 S. Ct. 1059 (2013) (for purposes of section 1331, "[m]ost directly, a case arises under federal law when federal law creates the cause of

action asserted.") (citing *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("[a] suit arises under the law that creates the cause of action")).

Similarly, in *Climer v. Twin City Fire Ins. Co.*, 2004 WL 1531796, slip op. at *5 (N.D. Tex. 2004) the court held that an injured employee's causes of action for violations of the Deceptive Trade Practices Act and the Texas Insurance Code did not arise under the TWCA because "the Texas workers' compensation statutes did not create these causes of action and, therefore, they do not come within the ambit of the non-removability provision of § 1445(c)." The court in that case noted that, generally, "if a state has a statutory provision within its workers' compensation law that creates the claim in question, that claim 'arises under' the state's workers' compensation laws and is not removable." *Id.* "On the other hand, if the claim is not expressly provided for in the state's statutory workers' compensation scheme, but rather is fashioned by the courts from a state's common law, the claim does not 'arise under' the state's workers' compensation laws and therefore can be removed." *Id.*

### 1. Trahan's declaratory judgment action, as pled, does not arise under the TWCA.

Although Trahan's declaratory judgment claim may relate to the TWCA, it does not *arise under* the TWCA. As the master of his complaint, Trahan must rely on the causes of action pled and cannot look to Liberty's defensive pleadings to

defeat removal. This "well-pleaded complaint" rule, which originated to determine whether a case arises under federal law, holds that whether a suit arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 19, 103 (1983) (quoted in *New Orleans & Gulf Coast Ry. Co. v. Barrois,* 533 F.3d 321, 328-29 (5th Cir. 2008)). "The well-pleaded complaint rule focuses on whether the plaintiff has affirmatively alleged a federal claim . . . ; anticipated or potential defenses, including defenses based on federal preemption, do not provide a basis for federal question jurisdiction." *Barrois*, 533 F.3d at 328. *See also Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987). ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."). Trahan admits this is the ordinary rule. Appellant's Brief at 10.[4]

---

[4] Few federal appellate courts have held directly that the well-pleaded complaint rule applies to determine whether a claim "arises under" state workers' compensation laws pursuant to section 1445(c). In *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 202-03 (6th Cir. 2004), the Sixth Circuit applied that rule to Section 1445(c):

> Applying the definition of "arising under" from § 1331 to the closely-related removal statute yields the following definition:  A civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of

Trahan's declaratory suit may "relate to" provisions of the TWCA, but that is not sufficient to make it non-removable under *Patin*, 77 F.3d at 789 (holding "bad faith" claims "do not 'arise under' the state workers' compensation statutes but are, at most, 'related to' those statutes and thus do not come within the ambit of the non-removability provision of § 1445 (c)."). The basis of Trahan's declaratory judgment claim is that as a matter of contract law, an endorsement in the insurance policy covering Trahan's employer waived Liberty's right to seek reimbursement from Trahan's settlement of his third-party suit. See Appellant's Brief at 2-3, n. 2. The scope and meaning of the policy's waiver endorsement depends in part on the scope and meaning of the contract between Trahan's employer and the tortfeasors he sued. These are issues of contractual interpretation that may "relate to" the TWCA, but were not "created by" it.

The fact that Trahan's claims "relate to" TWCA is sufficient to trigger Division jurisdiction but is insufficient to trigger the prohibition of section 1445(c). For example, bad faith claims under the TWCA cannot be adjudicated until the predicate disputes over workers' compensation benefits are resolved by the

---

action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law.

*Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 202-03 (6th Cir. 2004). It is undisputed that the TWCA does not create Trahan's cause of action as pled. To the extent his right to relief depends on resolution of a substantial question under the TWCA, the Division has exclusive jurisdiction over the claims.

Division. *Fodge*, 63 S.W.3d at 804. The presence of such a predicate dispute concerning benefits here means the Division's exclusive jurisdiction is triggered and precludes the district court's jurisdiction over the declaratory judgment action. *Id.* The presence of that predicate dispute relating to the TWCA, however, is insufficient to find that Trahan's declaratory judgment claim, as he plead it, was created by or "arises under" the TWCA. See *Patin*, 77 F.3d at 789. To the contrary, that declaratory claim was created by the Texas Civil Practices and Remedies Code § 37.001 *et. seq.* and relies substantively on common law contract interpretation. Thus, Trahan's declaratory judgment action relates to the TWCA sufficiently to invoke the Division's jurisdiction over the predicate benefits dispute, but the declaratory cause of action, as pled, was not created by the TWCA and does not arise under it for purposes of section 1445(c).

### 2. Trahan cannot rely on anticipation of Liberty's defensive pleadings to show his suit, as plead, arises under the TWCA.

Recognizing that his declaratory judgment cause of action was neither "created by" nor "expressly provided for" in the TWCA, Trahan attempts to make Liberty's defensive response to the claim sufficient to trigger section 1445(c). Under the well-pleaded complaint rule, however, claims that merely anticipate a defendant's position cannot be considered for purposes of section 1445(c)'s "arising under" clause. *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328-29 (5th Cir. 2008) (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386,

393 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.")).

Consistent with that principle, *Couram v. Davis*, 2012 WL 2428581 (D.S.C. 2012) report and recommendation adopted, 2012 WL 2428567 (D.S.C. 2012), held that although the plaintiff cited the South Carolina Workers' Compensation Act in her complaint, she did so "only to deny its applicability, not to invoke it as the basis for her claim." *Couram*, 2012 WL 2428581, slip op. at 2. The court held that because the plaintiff cited the Workers' Compensation Act "merely to anticipate a defense" to her claim under state law, the plaintiff "may not rely on the [Worker's Compensation] Act as a procedural ground to contest a proper removal." *Id.*

Although no court in the Fifth Circuit has addressed this specific issue, district courts elsewhere agree with *Couram*. *See Hernandez v. Gregory Land Dev. II, LLC,* 2009 WL 3334322, slip op. at *2 (S.D. Fla. 2009) (defendant's assertion of employer immunity defense under Florida workers' compensation law did not transform plaintiff's claim into one arising under that law for purposes of Section 1445(c)); *Piatti v. Bank of Am., N.A.*, 2009 WL 383376 , slip op. at *1, n. 1 (N.D. Ga. 2009) (where a plaintiff brings a complaint sounding only in negligence

and defendant raises a workers' compensation defense, the claim does not arise under the workers' compensation act and the court is not required to remand the action).

Similarly, Trahan's declaratory judgment cause of action refers to section 417.001 of the TWCA "merely to anticipate a defense" to his claim that the waiver of subrogation applies to Liberty's claim for reimbursement. That declaratory claim does not rely on any cause of action created by or arising under the TWCA and cannot be transformed into one merely because the TWCA provides grounds for Liberty's defense. Trahan's Petition does not and cannot assert a cause of action under section 417.001 of the TWCA because that provision gives claimants no affirmative rights to pursue. This is truly a case where the plaintiff's claims "relate to" the TWCA but do not "arise under" it for purposes of section 1445(c) and *Patin*.

> ### 3. The coercive claim rule for question jurisdiction has never been applied to section 1445(c) remand cases and should not be applied here.

Trahan cites cases decided under 28 U.S.C § 1331, relating to federal question jurisdiction, and argues that the "coercive" claim in a declaratory judgment suit controls the determination of whether it arises under the workers' compensation statutes. Appellant's Brief at 11-12 (citing *Barrois*, 533 F.3d 321 at 328-29.

In the first place, this Court has not held that the "coercive action" rule for federal question jurisdiction also applies to the question of whether a declaratory claim arises under the workers' compensation laws under section 1445(c). There are practical reasons for not applying every facet of the "arising under" jurisprudence of section 1331 to section 1445(c) cases: the same phrase is used for different purposes in the two statutes. Section 1331 uses the phrase to identify cases over which the federal courts will assert jurisdiction, whereas section 1445(c) uses the phrase to identify cases over which the federal courts will decline jurisdiction. The underlying purposes of the statutes are different and the approach to rules of construction for those statutes should be different.

Further, the decisions Trahan cites make clear that the "coercive action" rule does not apply to his own petition. In *Barrois*, for example, this Court held that "in applying the well-pleaded complaint rule we ask whether 'if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question.'" *Id.* at 329. An affirmative answer to that question supports federal question jurisdiction. However, this Court's explanation of the rule's purpose makes clear why it cannot apply in this case: "A plaintiff cannot evade the well-pleaded complaint rule by using the declaratory judgment remedy to recast what are in essence merely anticipated or potential federal defenses as affirmative claims for relief under federal law." *Id.* That is, the

application of the "coercive action" rule is intended to prevent a plaintiff from creating federal jurisdiction by bringing defensive federal questions into his complaint. The rule of *Barrois* is consistent with the well-pleaded complaint rule – because the plaintiff is not permitted to create a federal question by raising defensive claims in his declaratory judgment action – and with the rule holding defensive pleadings are not considered in determining whether a federal question is raised. The "coercive action" exception to the well-pleaded complaint rule, as applied to federal question jurisdiction, is a way of preventing a plaintiff from characterizing an essentially state law claim as a federal declaratory action by "re-casting" anticipated or potential federal defenses as affirmative claims for relief under federal law.

Trahan, however, wants to use the rule to permit such re-casting of his own complaint as a workers' compensation claim. Applying the "coercive action" rule to this section 1445(c) case would undermine both the well-pleaded complaint rule and the rule against consideration of defensive pleadings by allowing Trahan to ignore his own petition and rely on Liberty's defensive position to establish that his declaratory claims arise under the TWCA. Trahan relies on the "coercive action" rule to convince this Court that Liberty's defensive claims animate his own affirmative claims. Trahan thus asks this Court to elevate the "coercive action" rule over the well-pleaded complaint rule and the rule against considering

defensive pleadings. Such a rule would necessarily encourage a race to the courthouse with parties alleging declaratory claims that anticipate defensive positions that are merely related to workers' compensation claims.

In one of the seminal cases on the "coercive action" rule, the Supreme Court made clear that the rule is one that the courts may decline to apply for practical reasons. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 19 (1983) emphasized that "[f]ederal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendants brought a coercive action to enforce its rights, that suit would necessarily present a federal question." Ultimately, however, the court found, for practical reasons, that there was no such federal question jurisdiction even though the case literally met that description. *Franchise Tax Bd*., 463 U.S. at 20. The court noted that it has always interpreted jurisdictional statutes "with an eye to practicality and necessity" and a "common-sense accommodation of judgment to kaleidoscopic situations." *Id.* For practical reasons, the court therefore declined to apply the "coercive action" rule literally and refused to allow a state to sue for a declaration that federal law did not preempt its regulations, because states "have a variety of means by which they can enforce their own laws in their own courts." *Id.* at 21.

Trahan's position would gut the current jurisprudence on section 1445(c) in this Circuit by elevating the "coercive action" rule above the well-pleaded complaint rule. Thus, there are practical reasons not to apply that rule here. In fact, Trahan has given this Court no good reason to apply the rule at all.

This is particularly so in light of the fact that no state court has jurisdiction over Trahan's current claims either. As noted above, the principle that a claim "arises under" the body of law that creates the cause of action applies to federal question jurisdiction under 28 U.S.C. § 1331 as well. *Gunn v. Minton*, – U.S. –, 133 S.Ct. 1059 ("Most directly, a case arises under federal law when federal law creates the cause of action asserted.") (citing *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action")). In addition, a "special and small category" of state law claims "arise under" federal law if a substantial federal issue is necessarily raised, actually disputed, and "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, –U.S. –, 133 S.Ct. at 1065. If Trahan wants this Court to apply the rules of federal question "arising under" jurisdiction to section 1445(c), he must explain how the TWCA creates his declaratory judgment cause of action for contractual waiver and, if it does not, he must explain how that claim is "capable of resolution in federal court without

disrupting the federal-state balance" when that claim is within the exclusive jurisdiction of the Division of Workers' Compensation.

The only potentially "coercive claim" Liberty could bring is one for reimbursement from Trahan for workers' compensation benefits paid in the past out of the settlement he secured in his third-party suit. That cause of action, however, is one over which no court has jurisdiction at this time because it is predicated on a benefits dispute that is subject to the exclusive jurisdiction of the Division. Trahan claims that "such actions are commonplace" and cites *Liberty Insurance Corp. v. SM Energy*, 2012 WL 6100303 (S.D. Tex. 2012). In addition to being wrongly decided on the substantive issues of the scope of the subrogation waiver and the proper construction of section 417.001, that decision never considered the Division's exclusive jurisdiction over benefits issues, including claims for reimbursement and subrogation. It is therefore irrelevant here.

Finally, the cases Trahan cites, Appellant's Brief at 19-20, are inapposite for similar reasons: removability was precluded because plaintiff in each case alleged at least one cause of action created by the TWCA that was therefore non-removable. *See Jackson v. Wal-Mart Stores Texas, LLC*, 925 F.Supp.2d 810, 812, 813-814 (N.D. Tex. 2013) (claim for "workers compensation retaliation," a statutory cause of action created by Labor Code § 451.001, was not removable); *Carey v. Bank of America*, 904 F.Supp.2d 617, 619, 620-21 (N.D. Tex. 2012)

(same); *Escobedo v. Time Warner Entm't Advance Newhouse P'ship*, 811 F. Supp. 2d 1289, 1291, 1294 (W.D. Tex. 2011) (same). *See also Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir. 1998) (a "claim of retaliatory termination under § 451.001 is a claim arising under Texas workers' compensation laws."). The *Johnson* case Trahan cites for the proposition that doubts should be resolved in favor of remand, Appellant's Brief at 21, also involved the assertion of a cause of action explicitly created by the TWCA. *Johnson v. City of Houston*, 2013 WL 789075, slip op. at *3 (S.D. Tex. 2013) (holding a gross negligence cause of action under Labor Code sections 408.001(a) and (b) arose under the TWCA, precluding removal). The problem for Trahan in this case is that he has asserted no cause of action created by and arising under the TWCA. The TWCA cannot possibly be the source of Trahan's claims because it provides no cause of action that supports the double recovery he seeks. In any event, no Texas court has subject matter jurisdiction over Trahan's declaratory claims because those claims are within the Division's exclusive jurisdiction. Like the exclusive jurisdiction of the Division over workers' compensation issues, 28 U.S.C. §1445(c) was intended to encourage the use of expedient and less expensive administrative procedures for adjudicating claims of injured workers. *Patin*, 77 F.3d at 785. The district court did not err in denying Trahan's Motion to Remand and granting Liberty's Motion to Dismiss.

## <u>CONCLUSION</u>

For the reasons set forth above, Liberty asks the Court to affirm the district court's judgment.

Respectfully submitted,

David L. Plaut
State Bar No. 16066030
dplaut@hannaplaut.com
Jeffrey C. Glass
State Bar No. 08004000
jglass@hannaplaut.com
HANNA & PLAUT, L.L.P.
211 E. Seventh Street, Suite 600
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

By: */s/ David L. Plaut*
          David L. Plaut

COUNSEL FOR APPELLEE
LIBERTY MUTUAL INSURANCE
COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record electronically by the court's ECF System on this 24th day of March, 2014.  Paper copies to follow.

<u>*/s/ David L. Plaut*</u>
David L. Plaut

<u>**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**</u>

**Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

1.    This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because:

- This brief contains 7,248 words.

2.    This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because:

- This brief has been prepared in proportionally spaced typeface using Word 2010 in Times New Roman (TrueType) 14 pt for text and Times New Roman (TrueType) 12 pt for footnotes.

*/s/ David L. Plaut*
David L. Plaut
Attorneys for Appellee,
Liberty Mutual Insurance Co.

Dated: March 24, 2014